Fischer v. Siekmann.

FISCHER, *Appellant*, v. SIEKMANN.

Division One, November 26, 1894.

1. **Partition**: MINOR: SUMMONS. Service of summons on a minor in a partition suit must be made in the same manner as on an adult.

2. ———: ———: ———: JURISDICTION. When service of process is not legally made on such minor the court acquires no jurisdiction, can not appoint a guardian *ad litem* for him, and a judgment rendered against him is a nullity.

3. **Adverse Possession**: TENANT FOR LIFE: REMAINDERMAN. The possession of a tenant for life is not adverse to the remainderman.

4. ———: WIDOW: DOWER: REMAINDERMAN. A widow whose dower has not been assigned to her can not, by remaining in possession, acquire title by adverse possession as against her son, a minor heir.

5. **Partition**: ESTOPPEL. Where one has received the proceeds of the sale of his share of land sold in a partition proceeding long after becoming of age he will be estopped to impeach its validity though such partition proceeding was void for errors therein.

*Appeal from Warren Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*J. C. Kiskaddon* for appellant.

(1) Where the facts are undisputed and the evidence documentary and admissions of record, the

appellate court will review the action of the trial court and decide if its judgment is warranted by the facts, although no instructions may have been asked or given. *Wilson v. Albert*, 89 Mo. 537; *Willi v. Dryden*, 52 Mo. 319; *Henry v. Bell*, 75 Mo. 194; *Brown v. Ass'n*, 40 Mo. App. 425. (2) Quarantine is a life estate in the widow, subject to be defeated before her death by the lawful assignment of her dower. G. S. 1865, p. 522, sec. 21; R. S. 1889, sec. 4533; *Holmes v. Kring*, 93 Mo. 452; *Colvin v. Hauenstein*, 110 Mo. 575; *Jones v. Manly*, 58 Mo. 559. (3) The possession of the tenant for life is not adverse to the remainder-man, and the life tenant can not, by his acts, declarations or dealings with the estate, make his or his grantee's possession adverse, so as to enable him or his grantee to invoke the statute of limitations. The statute only begins to run at the death of the life tenant. *Holmes v. Kring*, 93 Mo. 452; *Agan v. Shannon*, 103 Mo. 661; *Thomas v. Black*, 113 Mo. 66; *Salmon v. Davis*, 29 Mo. 176; *Sherwood v. Baker*, 105 Mo. 472; *Null v. Howell*, 111 Mo. 273. (4) In the record of the partition suit offered in evidence it appears that there was no service of process on Joseph Fischer, and any recital of appearance is expressly contradicted by the roll. The court had no jurisdiction of the person of Joseph Fischer, nor any power or authority to appoint a guardian *ad litem* until process had been properly served. *Campbell v. Co.*, 84 Mo. 352; *Brown v. Woody*, 64 Mo. 547; *Higgins v. Beckwith*, 102 Mo. 456; *Gibson v. Chouteau*, 29 Mo. 536; *Payne v. Masek*, 114 Mo. 631. (5) Where there is want of jurisdiction over the person, the judgment is void and can be attacked collaterally. *Hewitt v. Weatherby*, 57 Mo. 276; *Adams v. Cowles*, 95 Mo. 501; *Laney v. Garbee*, 105 Mo. 355; *Fithian v. Monks*, 43 Mo. 502. (6) So far as Joseph Fischer is concerned dower was never assigned. R. S. 1889, sec. 4549; *Lenox v. Clark*, 52

Mo. 115; *Brawley v. Ranney*, 67 Mo. 280; *Campbell v. Co.*, 84 Mo. 352.   (7) Probate courts have no jurisdiction over the estates of adults. In the case at bar, the probate court had no jurisdiction to receive an inventory or make a settlement. An order appointing a guardian is essential, and the fact that it assumed jurisdiction must appear by the record. R. S. 1879, sec. 2562; *McCloon v. Beatty*, 46 Mo. 391; *Schell v. Leland*, 45 Mo. 289. (8) Not even enough appears to authorize the entry of an order *nunc pro tunc* appointing a guardian. *Priest v. McMaster*, 52 Mo. 60; *Hansbrough v. Fudge*, 80 Mo. 307; *Loring v. Groomer*, 110 Mo. 632. (9) It would follow that no order was ever made. (10) When a court has no jurisdiction of the subject-matter, appearance will not confer it. *Stone v. Corbett*, 20 Mo. 350; *Cones v. Ward*, 47 Mo. 289; *State v. Bulling*, 100 Mo. 87.   (11.) The alleged inventory, settlement or voucher was not identified as record of the probate court.   There was no entry of record of their filing and the settlement was not recorded as required. R. S. 1889, sec. 5319.   Nor was the settlement filed at the term preceding the term at which it purports to have been made; nor was any notice given or published. R. S. 1889, sec. 5329; *Read v. Bakewell*, 8 Mo. App. 549.   (12) The final settlement, if anything, is therefore, only a receipt and subject to explanation. *Riley v. Kershaw*, 52 Mo. 224; *Fountaine v. Inst.*, 57 Mo. 652; *Jaerdan v. Schrimpf*, 77 Mo. 283.   (13) To constitute an estoppel *in pais*, it is essential that there must be a plain and certain false representation or concealment of material facts with knowledge of the truth and with intent that the person to whom said representations are made, or some other person, shall act upon them; and some one in reliance upon such representations must be induced to act in ignorance of the truth. 7 Am. & Eng. Encyclopedia of Law, 12, *et seq.; Gray v. Gray,*

83 Mo. 106; *Taylor v. Zepp*, 14 Mo. 482; *Burke v. Adams*, 80 Mo. 504; *Monks v. Belden*, 80 Mo. 639. (14) If Joseph Fischer did any act equivalent to a representation, he must have done it after he attained his majority, as an estoppel *in pais* can not be asserted against a minor. *Burke v. Adams*, 80 Mo. 504; *Campbell v. Co.*, 80 Mo. 352; *McBeth v. Trabue*, 69 Mo. 642. (15) Mary A. Fischer, being *sui juris*, answered in the partition suit, bought at the partition sale, took a deed, and receipted the sheriff for Joseph Fischer's share of of the purchase money. She is conclusively presumed to know that Joseph Fischer was not a party, and no act or representation of his induced her to assume the relation she did toward him and his property. Big. on Estoppel [5 Ed.], 37; *Adams v. Batz*, 1 Watts (Pa.), 425; *Monks v. Belden*, 80 Mo. 639. (16) There is no sufficient evidence that Joseph Fischer knew that he had received any portion of the purchase money. *Burke v. Adams*, 80 Mo. 504; *Bales v. Perry*, 51 Mo. 449. (17) But if both of them knew the facts, and there is no doubt Mary A. Fischer did, then no estoppel is raised. *Douglass v. Cissna*, 17 Mo. App. 44; *Gray v. Gray*, 83 Mo. 106. (18) If Joseph Fischer is estopped, so are Mary A. Fischer and her grantee, and an estoppel against an estoppel sets the matter at large. *Roberts v. Moseley*, 64 Mo. 507; *Shaw v. Shaw*, 86 Mo. 594; *Baker v. Railroad*, 86 Mo. 75; 7 Am. & Eng. Encyclopedia of Law, 25. (19) Finally, the question of estoppel is not primarily between plaintiff and defendant, but between plaintiff and Mary Ann Fischer. Defendant has whatever Mary A. Fischer had, and no more. If at the partition sale Mary A. Fischer acquired the legal title, then defendant has that; if at any time she acquired an equity or an equitable title, then he has that; if she acquired nothing, he has nothing. He holds under her, in privity with her. 7 Am. & Eng. Encyclopedia of Law, 5, 6.

*Silver & Brown* and *Peers & Morsey* for respondent.

(1) Pretermitted heirs can maintain ejectment for their inheritance, the will as to them being as if it never existed. *McCracken v. McCracken*, 67 Mo. 590. (2) A judgment in partition establishes the title to the land and is conclusive thereon as to all the parties to the record. *Forder v. Davis*, 38 Mo. 108; *Holladay v. Langford*, 87 Mo. 577; *Bobb v. Graham*, 89 Mo. 200. (3) The judgment in the partition suit was not absolutely void as against Joseph Fischer, present plaintiff, because of his minority. "Service of summons on a minor is to be had precisely as it must on an adult." *Railroad v. Campbell*, 62 Mo. 585; *Baumgartner v. Guessfeld*, 37 Mo. 36. The service of process was at most defective, and Joseph Fischer having answered by his guardian *ad litem*, the judgment is not subject to collateral attack. (4) Plaintiff having become of age on February 4, 1875, more than sixteen years before the filing of the present action, he is barred by the ten years' statute of limitations. *First.* The plaintiff being a pretermitted heir was not prevented from maintaining his action by the alleged life estate in Mary Ann Fischer. *McCracken v. McCracken, supra. Second.* The judgment in the partition suit conclusively determined and settled all the title and right of Mary Ann Fischer, as to the realty of Francis Fischer, and among other things that no life estate (if any ever existed) remained in the property involved in this action. Such being the case there was no legal obstacle in plaintiff's way to bringing suit, certainly not from and after he became of age, which was more than sixteen years before the bringing of this action. (5) The evidence supports the defense of estoppel set

up in defendant's answer, and is sufficient in itself to bar plaintiff's recovery, and, besides, plaintiff can not have both the money and the land.    *McClanahan v. West*, 100 Mo. 310.

BRACE, J.—This is an action in ejectment instituted in the Warren county circuit court by the plaintiff Joseph Fischer to recover the one undivided third part of twenty-one acres of land described in the petition. The defense was a general denial, a plea of the statute of limitations, and an equitable estoppel.    The case was tried by the court without a jury.

The facts are, that in the year 1869 one Franz Fischer died seized and in possession of certain lands in said county, of which the tract in question was a part, leaving surviving him, his widow Mary Ann, two children, Herman and the plaintiff Joseph, and two grandchildren, Josephine and Dinah Schroer.    His widow administered upon his estate, made final settlement thereof on the eighth of April, 1875, showing a balance, in her hands due said estate, of $359.86, and died in the year 1890.    Joseph was born February 5, 1854, and instituted this suit on the twenty-first of April, 1891.

On the twenty-second of March, 1872, and when the said Joseph was only eighteen years, one month and twenty-two days old, the said Josephine and Dinah Schroer by their next friend, duly appointed for that purpose, instituted a suit in the circuit court of said county against the said Mary Ann, Herman, and Joseph Fischer for the assignment to the said Mary Ann of her dower in said lands, and for the partition of the remainder among the other parties according to their respective rights and interests; the petition therein alleging that subject to the dower of the said Mary Ann, the said Josephine and Dinah, grandchil-

dren as aforesaid, were each entitled to the one undi-
vided sixth part thereof, and the said Herman and
Joseph, children as aforesaid, were each entitled to an
undivided one third part thereof in fee simple. The
summons issued therein on same day, returnable to the
April term, 1872, of said court, was served upon the
defendants in the manner following: "Executed the
within writ in the county of Warren on the twenty-
third day of March, A. D. 1872, by delivering a copy of
same with the petition to Mary Ann Fischer, and a
copy the of same to Herman Fischer, and leaving a copy
of the same at the residence of Joseph Fischer. S.
W. Hopkins, Sheriff of Warren County, Missouri."

At the April term, 1872, of said court, a joint
answer of all the defendants, signed by their attorney,
was filed. At the following October term, 1872, this
answer was withdrawn, and the widow, the said Mary
Ann, filed her separate answer in which she admitted
the relation of the parties as stated in the petition;
averred that the said Franz died *testate* and that by his
last will duly admitted to probate he devised his said
real estate to her by the following provision thereof:
"I wish my property, real and personal property, to
be divided as follows: My wife Mary Ann Fischer shall
be adm'r of my estate and I do hereby relinquish all
my right to her. She shall have the entire control of
my property as long as she lives  *  *  *," and
alleged that she was in possession of said real estate
holding the same as devisee under said will. To this
answer the plaintiff replied, admitting that the said
Franz died testate, having made his will as charged in
the answer, but averred that none of his children or
decendents are therein mentioned or provided for, and
as to them he died intestate.

Thereupon the cause coming on for trial at the
same term, the court found that "the above named

parties as heirs of Francis Fischer, deceased, are entitled to the above described real estate in the following proportions, to wit:   Defendant Mary Ann Fischer, as the widow of Francis Fischer, deceased, to her dower right of one third part thereof during her natural life; and the other defendants Herman Fischer and Joseph Fischer, children of said Francis Fischer, each to the one undivided third part thereof, subject to said dower interest; and the plaintiffs Josephine Schroer and Dinah Schroer, as grandchildren of said Francis Fischer, deceased, each to the undivided one sixth part thereof," and decreed that the dower interest of the said Mary Ann be admeasured and set off to her, and that partition of the remainder be made among the other parties according to their respective rights and interests as found by the court, and appointed commissioners for that purpose.

The commissioners, then appointed, having failed to act at the April term, 1873, other commissioners were appointed who made report of their proceedings to the October term, 1873.   Pending action upon their report, one Joseph Eikelkamp, as the next friend of the said Joseph Fischer, filed a motion to reject the report of the commissioners and to set aside the judgment of partition theretofore rendered in the cause for the reason "that the said Joseph Fischer was at the time of the commencement of said suit, and now is, an infant under the age of twenty-one years, and that in said suit he is not represented either by a general guardian or a guardian *ad litem*."   Which motion was on the next day of said term sustained, and the judgment of partition aforesaid set aside.   Thereupon the court appointed C. E. Peers guardian *ad litem* of the said Joseph, who filed his answer as such, and the case again coming on to be heard, on the same day, the court made the same finding as before and decreed assignment of

dower and partition of the premises, as before, and appointed other commissioners to admeasure and make the same.

At the April term, 1874, these commissioners made report of their proceedings, setting off certain portions of said land, containing about one hundred and ninety-five acres, to the widow for her dower, and reporting that the remainder of said land containing about one hundred and fifty acres, was not susceptible of division in kind, which report was by the court approved, and such remaining lands ordered to be sold by the sheriff, and the proceeds, less the costs, be divided among the other parties according to their respective rights and interests, as found by the court, and that said sheriff make report of his proceedings under such order at the next term of said court. Pursuant to this order the said lands, including the twenty-one acre tract in controversy, were sold by the sheriff according to law, at the October term, 1874, of said court, and the said Mary Ann Fischer became the purchaser thereof, and at the April term, and on the twenty-third day of April, 1875, the sheriff made report of his sales under said order, and on the same day executed and acknowledged in open court a deed in due form, acknowledging the receipt of the purchase money and conveying said lands, including the tract in controversy, to the said Mary Ann Fischer, which deed was thereafter on the eleventh day of May, 1875, filed for record.

And it was admitted on the trial that the defendant was in possession of the tract sued for, and that he has all the title to it that Mary A. Fischer could convey, and "that he and those under whom he claims (who are Mary A. Fischer and her grantees) have been in continuous, open and notorious possession of the premises sued for, claiming title thereto for more than ten years before the beginning of this action."

It appears from the evidence that at some time prior to the tenth day of November, 1874, the said Mary Ann had qualified as curatrix of the estate of her son Joseph by executing and filing a bond as such in the probate court of said county, and that the same was approved by said court. Of her appointment of curatrix, however, no record entry could be found. After her purchase as aforesaid in October, 1874, at the sheriff's sale in partition, and on the tenth of November, 1874, she executed and delivered to the sheriff the following receipt in part payment of the purchase money for the land she bought at that sale:

"Received, Warrenton, Missouri, November 10, 1874, of B. Livsey, sheriff of Warren county, Missouri, the sum of $1,333.33, less $149.66 cost of partition, in full of the proportional share of Joseph Fischer, a minor, of whose estate I am guardian and curator, the same being the part of the said Joseph in the partition of the estate of Franz Fischer, deceased, sold at the October term of the Warren circuit court, and bought by me at said sale for the price and sum of $4,000, one third of which belongs to the said Joseph, after deduct ing his part of the costs, $149.66, which leaves $1,183.67, which latter sum this receipt is intended to cover; and I hereby authorize said sheriff to execute to said Mary A. Fischer a deed to said land conveying all interest in the same, acknowledging full and complete satisfaction of my entire interest.

"Mari An Fiescher."

And afterward, to wit, on the eleventh day of August, 1884, the said Mary Ann Fischer, as guardian of said Joseph Fischer, filed her settlement as such in said probate court; which settlement is in words and figures as follows, to wit:

"Settlement of Mary A. Fischer, guardian of

Joseph Fischer, a minor, made at the August term, 1884, of Warren county probate court:

"Dr. by amount obtained by sale of land in partition suit
    as share of my ward........ .....................................$1,183 67
"Interest...... .................:..... .... ...... ......... ....     94 69
                                                                 _____
                                                                  $1,278 36

"Cr. by amount paid to Joseph Fischer after he become of
    age........ .... ........................................$1,183 67
"Receipt......... .... ............... . ......... .... . .     91 09
"Court fees......... ..... ... ............................      3 60
                                                                 _____
                                                                  $1,278 36

"Balance, nothing.

"STATE OF MISSOURI,  } ss.
"County of Warren.  }

"Mary Ann Fischer, Gr., makes oath and says that the foregoing is a full and complete and final settlement of her guardianship.

"MARY A. FISCHER.

"Subscribed and sworn to this eleventh day of August, 1884.          F. WEGNER, J. P."

Indorsed: "Filed, Aug. 11, '84. H. Parker, Judge, Prob."

The voucher filed with said settlement is in words and figures as follows, to wit:

"Rec'd, Warrenton, Mo., Aug. 11, '84, of Mary Ann Fischer, my guardian, the sum of ninety-one and 91-100 dollars, in full of all demands due me by reason of said guardianship.     JOSEPH FISCHER."

The record entry of said settlement, made on the eleventh day of August, 1884, is in words and figures as follows, to wit:

"On final settlement with Mary Fischer, curatrix of Joseph Fischer, upon adjusting her accounts, the court finds that there is nothing in her hands belonging

to the said Joseph Fischer. And said Joseph Fischer now here appears in court and acknowledges that he has received full satisfaction from his said curatrix of all claims and demands against her. Which settlement is approved by the court and said curatrix discharged.''

It was admitted on the trial that the land in controversy was a part of the plantation belonging to the mansion house of the said Franz Fischer at the time of his death, and the plaintiff was permitted to testify on the trial without objection. The substance of his testimony was in his own language ''that he never got any of the proceeds of that land at partition sale.''

The court found the issues for the defendant, rendered judgment accordingly, and the plaintiff appeals.

I. The proceeding in partition aforesaid was by petition and summons, as authorized by the statute; service of which was required to be made as in ordinary civil actions. 2 Wag. Stat. (1872), p. 967, sec. 8. In such actions service upon a minor must be made in the same manner as upon an adult. *Railroad v. Campbell, Nelson & Co.*, 62 Mo. 585. Where there are several defendants, the statute in force at the time the proceeding was had, provided that the summons should be executed by ''delivering to the defendant who shall be first summoned a copy of the petition and writ, and to such as shall be subsequently summoned, a copy of the writ; or by leaving such copy at the usual place of abode of the defendant, with some (white) person of his family over the age of fifteen years.'' 2 Wag. Stat. 1872, p. 1007, sec. 7.

It does not appear that the plaintiff in this case, being then a minor, was legally served with process in this partition proceeding, in that it does not appear by the return of the sheriff either that a copy of the writ was delivered to him, or that such copy was left at his usual place of abode with some person of his family

over the age of fifteen years. Consequently, the circuit court of Warren county, having failed to acquire jurisdiction over the plaintiff and his interest in the land of which his father died seized, had no authority to appoint a guardian *ad litem* for him in that proceeding, and as he could not appear by attorney, and it does not appear that Eikelkamp had any authority to appear as next friend for him, he never did become a party to that action, and is not bound by the proceedings, judgment and order of sale therein, and the sheriff's deed executed in pursuance thereof to Mary Ann Fischer did not have the effect of transferring to her his legal title to the premises.

II. It is contended, however, that the said Mary Ann and her grantees have acquired title by adverse possession. That they have been in the open, notorious and continuous possession of the premises, claiming title thereto from the death of Franz Fischer in 1869, to the institution of this suit in 1891, may be conceded; but, was such continuous possession for that period, or for any consecutive ten years thereof, prior to the death of plaintiff's mother in 1890, adverse to the plaintiff, or of such a character that the plaintiff, after he became of age in 1875, could have maintained ejectment for the recovery of his interest in the land in controversy? It has been held that a pretermitted child may bring an action of ejectment to recover his interest as heir at law in the real estate of which his father died seized. *McCracken v. McCracken*, 67 Mo. 590; *Hill v. Martin*, 28 Mo. 78. But, it is to be remembered that the premises in controversy were a part of the plantation belonging to the mansion house of Franz Fischer, and upon his death his widow was entitled to remain in possession of the same until dower was assigned her. R. S. 1889, sec. 4533; Wag. Stat. 1872, p. 542, sec.

21.  And her possessory right was such as would have defeated an action of ejectment brought against her at any time before her dower was assigned. *Holmes v. Kring*, 93 Mo. 452; *Roberts v. Nelson*, 86 Mo. 23; *Miller v. Talley*, 48 Mo. 503.  And this right was capable of being assigned and when assigned carried with it all the incidents belonging to it prior to its transfer. *Brown v. Moore*, 74 Mo. 633; *Jones v. Manly*, 58 Mo. 559.  So that the plaintiff's interest in the land in controversy having been in no way affected by the partition proceeding, to which we have seen he was not a party, the right of himself and his mother therein remained, *inter sese*, the same as though no such proceeding had ever been had.  Her right of dower in his interest was not by such proceeding assigned to her, nor was it ever afterward assigned to her by him; consequently she would not have been precluded from setting up her quarantine right to the exclusive possession of the premises in any action he might have brought against her for the possession of his inheritance, nor would her grantee have been so precluded at any time during her life.

It is true that he might have at any time after he became of age terminated his mother's right of exclusive possession in quarantine by having her dower assigned, but he was under no obligation to do so, and can not be charged with laches in not having done so. *Brown v. Moore, supra*; *Sherwood v. Baker*, 105 Mo. 473.  It was his privilege to permit his mother to enjoy the benefit of the possession of the whole of his inheritance during her life, and having done so she and her grantees sustained to him the relation of tenants for her life, and no principle of law is better settled than that the possession of the tenant for life is not adverse to that of the remainderman, and that such tenant can not by his dealings with the estate make his or his

grantees' possession adverse to the remainderman, so as to start the statute of limitations against him during the life estate. *Colvin v. Hauenstein*, 110 Mo. 575; *Thomas v. Black*, 113 Mo. 67; *Null v. Howell*, 111 Mo. 273; *Sherwood v. Baker, supra; Hickman v. Link*, 97 Mo. 482.

It follows from what has been said that the plaintiff has the legal title to the premises sued for, and is not barred from asserting that title by the statute of limitations. Is he in equity and good conscience estopped from asserting that title by the facts pleaded and shown in evidence, is the remaining question in the case.

III. The substance of the plea is that the plaintiff after he became of mature age accepted his full share of the proceeds of the sale of his interest in the partition proceeding. The evidence to support the plea is the plaintiff's admission of record, as hereinbefore set out, that he did in fact receive such proceeds. This solemn declaration of the plaintiff was made more than nine years after the sale was made, and the deed reciting the proceedings in the partition suit had been placed of record, when the plaintiff was in the thirtieth year of his age; and to impeach its verity, there is no evidence except the uncorroborated testimony of the defendant that he did not receive his share of those proceeds from his mother, given on the trial, after his mother was in her grave; outside of his testimony there is not a particle of evidence tending to impeach the honesty and good faith of his mother, or of any of the other parties to the proceedings in the partition suit, or to the proceedings in the probate court, or to suggest that the price paid was not full value for the land. That the chancellor, under these circumstances, waiving consideration even of the question of the competency of this witness testifying to a transaction had with one dead, should have found as a matter of fact

that he did receive those proceeds was entirely reasonable; and rejecting this evidence, as he might well have done when he came to consider the weight of the whole evidence for the purpose of judgment, such conclusion was inevitable, and, such being the fact, in equity the plaintiff ought not, and can not, have the land after having received the value thereof through the partition proceeding, though the same was as to him utterly void and the proceedings in the probate court obnoxious to all the objections urged against them. This doctrine is well settled in this state by numerous decisions, in support of which it is only necessary to cite the following: *Clyburn v. McLaughlin*, 106 Mo. 521; *McClanahan v. West*, 100 Mo. 309; *Boogher v. Frazier*, 99 Mo. 325; *Nanson v. Jacob*, 93 Mo. 331; *Austin v. Loring*, 63 Mo. 19; *Pockman v. Meatt*, 49 Mo. 345.

The suggestion of counsel that the plaintiff might not have known that the proceeds of his land was included in his mother's settlement is answered by the witness Morsey, who testified in substance that the plaintiff was present when the settlement was made, quarrelled a good deal with his mother over the settlement, insisting that he was entitled to more money than he was getting, but became satisfied and executed the receipt filed therewith.

The judgment is for the right party, and is affirmed. BLACK, C. J., and MACFARLANE, J., concuring and BARCLAY, J., also in the result on the ground stated in the third paragraph.