# WESTMEYER et al., Appellants, v. GALLENKAMP.

### Division One, February 5, 1900.

1. **Partition: SUMMONS ON MINORS.** Infants must be served with process the same as adults in the manner provided by law, and unless so served the court has no jurisdiction over them, and the appointment of a guardian *ad litem* for them without such service, is void, and a judgment in partition against them is *coram non judice*, even though such guardian files an answer for them.

2. **Summons: READING PETITION: NO SERVICE OF WRIT.** Where the statute in force at the time required personal service to be made "by reading the writ to the defendant and delivering to him a copy of the petition," or "when there are several defendants, by delivering to the defendant who shall be first summoned a copy of the petition and writ, and to such as shall be subsequently summoned a copy of the writ," the reading of the petition and writ to each of six defendants, and the delivering of a copy of the petition to the first, is not a valid service on any of the defendants unless it be the first.

3. ———: ———: ———: **CHANGE IN THE LAW.** Ignorance of changes in the law regarding the manner of serving process, is no excuse for depriving an infant of his property without due process of law, nor can a judgment without such service as the statute requires be considered as simply irregular. (Distinguishing Thompson v. Railroad, 110 Mo. 147, and Leonard v. Sparks, 117 Mo. 103.)

4. **Dower: REMARRIAGE: LIMITATION.** Where the statute in force at the death of the husband provided that "the widow may remain in and enjoy the mansion house of her husband and the messuages and plantation thereto belonging until dower be assigned," her remarriage did not forfeit her right to the possession and the statute of limitation did not begin to run against her husband's heirs till her death.

5. ———: **PARTITION: LIMITATION.** Nor will the bringing of a partition suit by her against her husband's infant children, in which there was no valid service of summons on them, but a judgment, sale, and purchase by her second husband thereat, and the possession of the premises for more than ten years by him and those who claim by purchase from him, bar an action to recover by the children brought within proper time after her death.

Westmeyer v. Gallenkamp.

Appeal from Franklin Circuit Court.—*Hon. Rudolph Hirzel,*
Judge.

REVERSED AND REMANDED (*with directions.*)

*J. C. Kiskaddon* for appellants.

(1) A statute in force at the time Bernard Westmeyer,
the common source of title, died is: "Until dower be assigned,
the widow may remain in and enjoy the mansion house of her
husband, and the messuages and plantation thereto belonging,
without being liable to pay any rent for the same." R. S. 1855,
p. 672, sec. 21. This right of the widow is in the nature of a
life estate. She could convey it, and her grantee had the same
estate she had and no other or greater. If ousted, she or
grantee could maintain ejectment for it. She and her grantee
in possession could, under it, defend in ejectment brought
against them. It could only be terminated by the lawful
admeasurement of her dower, or by her death. Stokes v. Mc-
Callister, 2 Mo. 166; Jones v. Manly, 58 Mo. 564; Brown v.
Moore, 74 Mo. 635; Sherwood v. Baker, 105 Mo. 478; Miller
v. Tally, 48 Mo. 504; Roberts v. Nelson, 86 Mo. 25; Carey v.
West, 139 Mo. 174; Gentry v. Gentry, 122 Mo. 202. (2)
Prior to the statute of 1889 the widow could not convey her
dower before it was admeasured. The only effect of her deed
was to convey her quarantine. Carey v. West, 139 Mo. 177;
Waller v. Mardus, 29 Mo. 25. (3) The service did not
comply with the requirements of the statute, and the judgment
rendered on such service, when there is no appearance of the
defendants or jurisdiction otherwise gained, is absolutely void.
Hewitt v. Weatherby, 57 Mo. 278; Ray Co. v. Barr, 57 Mo.
291; McLaughlin v. Burk, 60 Mo. 437; Adams v. Cowles, 95
Mo. 507; Laney v. Garbee, 105 Mo. 359; Janney v. Spadden,
38 Mo. 402. (4) A minor must be served with process in
the same manner as an adult. Fischer v. Siekman, 125 Mo.

166; Railroad v. Campbell, 62 Mo. 588; Smith v. Davis, 27 Mo. 298; Shaw v. Gregoire, 41 Mo. 412. (5) The court, therefore, by such service of process, acquired no jurisdiction of the persons of any of the defendants, except, possibly, Mary Westmeyer (and that is questionable), and, consequently, it had no authority to appoint a guardian *ad litem* to appear for them. Campbell v. Laclede G. L. Co., 84 Mo. 352; State v. St. Louis, 1 Mo. App. 503; Brown v. Woody, 64 Mo. 550; Adams v. Cowles, 95 Mo. 507; Blodgett v. Schoeffer, 94 Mo. 671; Higgins v. Beckwith, 102 Mo. 462; Railroad v. Campbell, 62 Mo. 588; Hull v. Cavanaugh, 6 Mo. App. 143; Gibson v. Chouteau, 29 Mo. 565; Shaw v. Gregoire, 41 Mo. 411; Smith v. Davis, 27 Mo. 300.

*J. W. Booth* and *Chas. F. Gallenkamp* for respondent.

(1) The circuit court is a court of general jurisdiction, and nothing is to be taken as out of its jurisdiction unless it specially appear to be so. Homer v. Cook, 118 Mo. 478; McClanahan v. West, 100 Mo. 322. (2) When a court of general jurisdiction acquires jurisdiction of the parties to an action by personal service of its process its judgment afterwards rendered can not be collaterally attacked and defeated. If the party has actual personal notice of the suit given him by personal service of the writ of summons, then, no matter how defective the service may be, the judgment is proof against all collateral attack. It may be set aside on appeal or writ of error on account of a defective personal service, but until set aside it remains a valid judgment. Leonard v. Sparks, 117 Mo. 103; Thompson v. Railroad, 110 Mo. 147; Freeman on Judg., sec. 126; Brown on Jurisd., sec. 45; Bunce v. Bunce, 59 Ia. 535; Drake v. Duvenick, 45 Cal. 455. (3) The return of the writ in the suit in partition made in 1856 and here collaterally attacked and claimed to be void is that the sheriff in, etc., on, etc., served the petition and writ on each

of the defendants "by reading the same to each of them," and also by delivering to Mary Westmeyer a certified copy of the petition. This was a perfect service on Mary Westmeyer and a defective (but not void) personal service on each of the other defendants. (4) In passing on the question as to whether said return is "absolutely void," or merely "defective," it should be borne in mind as, perhaps, explanatory of the service being made as it was, that prior to the enactment of the statute as published in sec. 7, R. S. 1855, vol. 2, p. 1223, the reading of the writ and petition to the defendant was a full and complete service of a writ of summons. See Acts of 1849, p. 78, secs. 4 and 5. (5) The defective return in the partition case herein referred to is cured by the statute of jeofails in force in 1856. 2 R. S. 1855, p. 1255-6, sec. 10, clause 3. (6) The common law of England, not local to that kingdom, and not inconsistent with the constitution of the United States or of this State, nor with the statute law of this State, was expressly adopted by this State by statute, long before the right of quarantine involved in this case vested. (7) By the common law the marriage of a widow forfeited her right of quarantine. 2 Scribner on Dower, 59, sec. 15. (8) The above common law forfeiture is not inconsistent with the Constitution of the United States, nor of this State, nor with any statute of this State. (9) Possession of land under a forfeited widow's right of quarantine could not defeat an ejectment by the lawful heirs, nor protect the heirs from the operation of the statute of limitations.

BRACE, P. J.—This is an action in ejectment to recover lot 2 in block 3 in Meuse's addition to the city of Washington in Franklin county, Missouri. The petition is in the usual form, and the answer is a general denial. Judgment was for the defendant in the circuit court, and the plaintiffs appeal. There is no dispute about the facts. Bernard Westmeyer, who died intestate in the year 1854, is the

common source of title.   The plaintiffs are three of his children, and as his heirs at law are entitled to the undivided twenty-one thirtieths of said lot (except nine inches off the east side thereof, the title of which is conceded to be in defendant), unless their title has been divested by a proceeding in partition in the circuit court of Franklin county, or by adverse possession.

At the time of the death of the said Bernard he was residing on the premises with his family, which consisted of his wife Henrietta, and six minor children, all under the age of 14 years.   By the law then in force, it was provided that, "Until dower be assigned, the widow may remain in and enjoy the mansion house of her husband, and the messuages and plantation thereto belonging, without being liable to pay any rent for the same."   [1 R. S. 1855, p. 672, sec. 21.]   On the 20th of August, 1856, the widow of said Bernard, as plaintiff, instituted the suit in partition, by petition and summons, against her six minor children, of whom Mary the oldest was then aged about 15 years.   The service of the writ of summons as returned by the sheriff is as follows: "Served the within petition and writ on Mary Westmeyer, Henry Westmeyer, Margaret Westmeyer, William Westmeyer, Adolph Westmeyer and Louisa Westmeyer in Franklin county, Mo., on the 21st of August, 1856, by reading the same to each of them, and also by delivering to Mary Westmeyer a certified copy of this petition."   By the law then in force the writ of summons in suits in partition was required to be served in like manner "as writs issued in ordinary civil actions" (2 R. S. 1855, p. 1112, sec. 8), and the personal service with which alone we have to do in this case, required in such actions was as follows:   "First, by reading the writ to the defendant, and delivering to him a copy of the petition; or, second, by delivering to him a copy of the petition and writ; ........ or, fourth, where there are several defendants, by delivering to the defendant who shall be first summoned a

copy of the petition and writ, and to such as shall be subsequently summoned a copy of the writ." ·[2 R. S. 1855, p. 1223, sec. 7.] After the return of the writ served as aforesaid, a guardian *ad litem* was appointed for the defendants, who answered, and in due course the suit proceeded to final judgment, and a sale of the premises, at which one Christian Kruse, on the 10th of April, 1857, became the purchaser thereof, and received a sheriff's deed therefor, dated December 20, 1858. Pending these proceedings, the said Kruse married the widow, went into possession of the premises and afterwards by deed dated May 10, 1859, in which his wife joined, conveyed the same to one Frederick Schroeder, who then went into possession and whose title the defendant has acquired by mesne conveyances, and he and his grantors have ever since been in peaceable and uninterrupted possession of the premises. Christian Kruse died in May, 1885, and the said Henrietta after being again married June 22, 188–, to one Hagemann, died on the 19th of May, 1894, and this action was commenced on the 18th of August, 1896.

(1) By the construction placed upon the statute in question in Lenox v. Clarke, 52 Mo. 115, in which the fourth clause of section 7, was pieced out with the first, in order to sustain the service, it might be held that Mary Westmeyer was legally served with process in the partition suit, but by no possible construction could it be held that the other defendants, including the plaintiffs in this case, to none of whom was delivered either a copy of the petition or of the writ, was legally served—and this does not seem to be disputed. In some jurisdictions the doctrine once obtained, that a court of general jurisdiction possessing plenary chancery powers, could by the appointment of a guardian *ad litem*, in a pending litigation, acquire jurisdiction of the person of an infant, and bind his estate by its decree, although the infant had not been served with process. And there are some early decisions in this State under the law as it existed prior to the adoption of

this partition proceeding and our practice act, that seem to give some countenance to this doctrine. [Day v. Kerr, 7 Mo. 426; Hite v. Thompson, 18 Mo. 461; Shaw v. Gregoire, 35 Mo. 342.] But whatever footing it may once have had in this State, it has long since been thoroughly exploded, and by a long line of uniform and well considered cases, the doctrine has been well established, that infants must be served with process the same as adults, and that unless so served in the manner provided by law the court has no jurisdiction over them, and the appointment of a guardian *ad litem* for them, without such service, is void and the proceedings thereupon *coram non judice*. [Hendricks v. McLean, 18 Mo. 32; Smith v. Davis, 27 Mo. 298; Baumgartner v. Guessfeld, 38 Mo. 37; Gibson v. Chouteau, 39 Mo. 537; Shaw v. Gregoire, 41 Mo. 407; Railroad v Campbell, Nelson & Co., 62 Mo. 585; Campbell v. Laclede Gas Light Co., 84 Mo. 352; Fischer v. Siekmann, 125 Mo. 165; Bogart v. Bogart, 138 Mo. 419.] And such also seems to be the doctrine established generally by the great weight of authority. [10 Ency. of Plead. & Prac., p. 643, note 2.]

It is suggested by counsel for respondent in explanation of the manner in which the writ was served in the partition suit, that the service is in accordance with the statute of 1849, and that the enactment of 1855 was first published in the Revised Statutes of that year, and that they may not have been distributed, or the latter enactment brought to the attention of the attorneys or the court at the time the suit was commenced, and that this fact should be taken into consideration in determining the validity of the service, and on the authority of Thompson v. Railroad, 110 Mo. 147, and Leonard v. Sparks, 117 Mo. 103, it is contended that the service though irregular was not void. In answer to the suggestion it is only necessary to say that ignorance of the law excuses no one, and that such ignorance can furnish no excuse for depriving an infant of his property without due process of law. And as to these cases, that

they are not analogous and not in point.　In the first of these cases, the sufficiency of the service of notice in a condemnation proceeding was attacked by the plaintiff.　The court without determining the question whether the notice attacked was served in the manner required by law held that, as in the proceeding, two notices to the owner were required, and as no question was raised as to the sufficiency of the second notice, and as if in pursuance thereof the plaintiff an adult and *sui juris* had appeared, he would have had ample opportunity to be heard upon every question affecting his substantial rights; he had had his day in court, and the proceeding was not subject to his collateral attack.

In the second case, the attack was also on the sufficiency of a notice in a condemnation proceeding.　The owner was served only five days, before the day named for his appearance, and the law required at least six days.　He was an adult *sui juris*, had been personally served in the manner required by law, was competent to waive service for the full length of time, and the court held that it was his duty if he desired to take advantage of the insufficiency of the period of notice, to have appeared to the proceeding and made his objections, and not having done so the jurisdiction of the court to render judgment against him, was not defeated.

The distinction between those cases and the case in hand is obvious.　Here the plaintiffs were infants of tender years, they were not served in the manner provided by law.　They never had their day in court.　They could neither acknowledge nor waive service of the process by which alone they could be subjected to the jurisdiction of the court, nor could they appear therein to protect their interests, and these cases furnish no authority for holding that the service on them in the partition suit, was merely irregular and not void.　It follows from what has been said, that the judgment should have been for the plaintiffs, unless they are barred by the statute of limitations.

(2.) Upon this question little need be said. This suit was brought within three years after the death of the widow of Bernard Westmeyer. The premises was the home—the mansion house and the messuages thereto belonging of the said Bernard at the time of his death. The possessory rights of the widow therein are defined by statute, and are not subject to forfeiture by remarriage as at common law. Her dower was never assigned to her by the heirs at law during her life, and the possession of the defendant and his grantors who came in under the deed in partition was not adverse to the plaintiffs during her life—hence the defendant acquired no title by adverse possession. [Jones v. Manly, 58 Mo. 559; Brown v. Moore, 74 Mo. 633; Roberts v. Nelson, 86 Mo. 21; Holmes v. Kring, 93 Mo. 452; Hickman v. Link, 97 Mo. 482; Sherwood v. Baker, 105 Mo. 472; Null v. Howell, 111 Mo. 273; Thomas v. Black, 113 Mo. 66; Fischer v. Siekmann, 125 Mo. 165; Carey v. West, 139 Mo. 146.]

The judgment of the circuit court will be reversed, and the cause remanded with directions to enter judgment for plaintiffs in accordance with the views expressed in this opinion, and for nominal damages as agreed upon.

All concur.