# JAMES W. SHOULTZ v. ELIZA JANE LEE, Appellant.

### Division Two, July 14, 1914.

1. **LIMITATIONS: Widow's Possession: Adverse.** The widow's possession, before assignment of dower, of lands of which her husband died seized, is not adverse to his heirs, whether or not she had purchased at an administrator's sale to pay debts.

2. ——: ——: **Termination of Quarantine: Laches.** The heirs of the husband, who died seized of real estate, after reaching their majority, may terminate the widow's right of exclusive possession in quarantine, by having her dower assigned to her; but they are under no legal obligation to do so, and are not chargeable with laches in delaying to do so, notwithstanding she purchased the property at the administrator's sale, and thereafter, for thirty years after they became of legal age, claimed it as her own. ,

3. ——: ——: **Purchase by Wife: Adverse.** A widow who purchases real estate belonging to her husband at the time of his death, sold by the administrator in the course of his administration for the payment of debts, is a tenant for life, and her possession is not adverse to the remaindermen (the husband's heirs) until after steps are taken for the assignment of her dower therein. Such a life tenant cannot by her dealings with the property render her occupancy and possession adverse to such remaindermen so as to start the Statute of Limitations to running against them during the existence of the life estate.

4. ——: ——: ——: **Reimbursement for Purchase Money.** Although the possession of the widow who purchased real estate belonging to her husband at the time of his death and received an administrator's deed thereto, was not adverse to his heirs, and she holds the property, subject to her unassigned dower, in trust for them, she nevertheless is entitled to restitution from them for the purchase price, with six per cent interest from the date of her purchase, as a precedent condition to their right to share in a partition of the property.

5. **QUARANTINE: Taxes: Interest.** While the widow holds real estate belonging to her husband at the time of his death, under her widow's quarantine, she is not chargeable with taxes on the property, nor with rents—although she may have purchased at the administrator's sale and after having received a deed from him, remained in possession and claimed adversely to the heirs.

Appeal from Hannibal Court of Common Pleas.—*Hon.*
*W. T. Ragland,* Judge.

REVERSED AND REMANDED.

*Nelson & Bigger* for appellant.

(1) The entire subject-matter below is subject to
review by this court. Benne v. Schnecko, 100 Mo.
257. (2) The plaintiff is not entitled to maintain par-
tition, when the defendant is in possession and claims
the property adversely to plaintiff. Chamberlain v.
Waples, 193 Mo. 96. (3) The administrator's deed to
appellant is sufficient to constitute color of title. Plas-
ter v. Grabeel, 160 Mo. 669; Shaffer v. Detie, 191 Mo.
377; Brewing Co. v. Payne, 197 Mo. 422. (4) The
widow may establish title by adverse possession, as
against the heirs, before assignment of dower. Nel-
son v. Davidson, 160 Ill. 254, 31 L. R. A. 325; Balkam
v. Iron Co., 43 Fed. 648; 1 Cyc. 1051; Null v. Howell,
111 Mo. 278; Meddis v. Kenney, 176 Mo. 208; St. Louis
v. Priest, 103 Mo. 652. (5) The plaintiff cannot main-
tain this suit by reason of laches. He has slept on his
rights until the appellant has reached the age of more
than her three score and ten, and is not entitled to the
commendation that courts of equity generally accord
to one who shows consideration for his foster mother.
R. S. 1855, sec. 38, p. 696; Brewing Co. v. Payne, 197
Mo. 422; Hand v. St. Louis, 158 Mo. 204.

*M. L. Farres* for respondent.

(1) Partition is a proper action in which to have
dower assigned. Colvin v. Hanenstein, 110 Mo. 575;
Weatherford v. King, 119 Mo. 51. (2) A widow in
possession of the plantation of her deceased husband,
being entitled to quarantine until dower is assigned,
and no dower ever having been assigned, there is no

adverse possession, nor does the limitation begin to run till the death of the widow, as against the heirs of the deceased husband. Keith v. Keith, 80 Mo. 127; Melton v. Fitch, 125 Mo. 290; Holmes v. Kring, 93 Mo. 452; Sherwood v. Baker, 105 Mo. 472; Brown v. Moore, 74 Mo. 633; Carey v. West, 139 Mo. 176; Thomas v. Black, 113 Mo. 70; Hall v. French, 165 Mo. 430; Graham v. Stafford, 171 Mo. 692. (3) There is no sufficient allegation on which to base a claim of laches, nor any evidence in proof of such issue in the case. Graham v. Stafford, 171 Mo. 692. (4) The possession of the widow never did become adverse to the plaintiff, nor would it so long as she lives and her dower remains unassigned. Brown v. Moore, 74 Mo. 633; Holmes v. Kring, 93 Mo. 452; Sherwood v. Baker, 105 Mo. 472; Melton v. Fitch, 125 Mo. 290; Carey v. West, 139 Mo. 146. (5) The right to an action at law for the possession would not accrue to the heirs until after the death of the widow. Howell v. Jump, 140 Mo. 456; Shumate v. Snyder, 140 Mo. 87. (6) The possession of the life tenant is not adverse to the estate of the remainderman, and he cannot, by his declarations, acts or claim of a greater or different estate, make it adverse, so as to enable him or others under him to invoke the Statute of Limitations. Keith v. Keith, 80 Mo. 127; Thomas v. Black, 113 Mo. 70; Hall v. French, 165 Mo. 430. (7) Since Mrs. Eliza Jane Lee acquired nothing by her alleged deed from Abraham Curts, dated years after final settlement, the only right or interest she had was the right to quarantine, and that of dowress until her dower was assigned, which was never assigned herein. Melton v. Fitch, 125 Mo. 290; Carey v. West, 139 Mo. 176. (8) An administrator's deed, not acknowledged in open court, as required by law in force at time of its execution, is insufficient to convey title. Campbell v. L. G. L. Co., 84 Mo. 352.

260 Mo.—46

WALKER, P. J.—Plaintiff brought suit in the Hannibal Court of Common Pleas against the defendant Eliza Jane Lee and a number of others, to partition a half acre of ground in Mason township, Marion county, described as the east 104 feet of lot 11 of the Darr tract, Oakwood, situated within or adjacent to the city of Hannibal. Upon a trial the court rendered a judgment partitioning the property, subject to the dower interest of said Eliza Jane Lee, and the land not being susceptible of division in kind was ordered sold. From this judgment defendant appealed to this court.

In 1857 one Gardiner Shoultz, then the husband of the defendant Eliza Jane Lee, acquired by purchase the lot above described, and he and his wife began to occupy same and continued in possession until 1859, when he died, leaving his widow, the defendant, and a number of children by a former marriage. The defendant continued thereafter to occupy the property as a home. An administration was commenced upon the estate of the deceased husband.

In 1862, the estate being still in process of administration, upon an application made to the probate court the sale of the lot in controversy was alleged to be necessary to pay the debts of the deceased, and an order for such sale was made and entered of record.

No further record entries of said probate court were offered in evidence except a report of the administrator as to the condition of the estate, and thereafter in June, 1862, an order accepting and approving his final settlement.

Defendant testified that the property was sold by the administrator under said order of sale and that she purchased same for $300, and offered in evidence a deed to same from the administrator, dated October 10, 1864, which was, on the 20th day of October, 1864,

filed for record and recorded in the recorder's office of Marion county; that under the purchase evidenced by said deed she has continuously been in the adverse possession of said property, claiming it as her own; that plaintiff was the youngest child of Gardiner Shoultz, being about six years of age at the time of the latter's death in 1859; that plaintiff and the other children grew to manhood and womanhood, if not at the home occupied by their stepmother, in the immediate vicinity thereof, and had actual knowledge of her possession of said property during all the time of her occupancy of same, covering a period of more than fifty years from the date of her husband's death, to that of the institution of this suit.

Plaintiff testified that he had known for about twenty-five or thirty years that the defendant, his stepmother, claimed this property as her own; that he had not conceived the idea of making a claim to it until about ten or fifteen years prior to the commencement of this proceeding; that he is now fifty-six years of age; that his knowledge of his stepmother's claim to the property came from her.

The petition is in the usual form of a proceeding in partition; it sets out the interests of the defendants, and alleges that Eliza Jane Lee is entitled to a dower interest in the land sought to be partitioned. Aside from the said Eliza Jane Lee, three of the other defendants filed answers, admitting the allegations of the petition. All the other defendants made default.

The answer of the defendant Eliza Jane Lee, after a general denial, alleges the purchase of the property by her from the administrator of the estate of her husband; that she went into possession of the premises immediately thereafter, and has been in open and adverse possession of same under color of title for more than ten years; that she has made valuable and lasting improvements on the premises and that her possession has been continuous, adverse, hostile, etc., since

the purchase of same; that she now occupies said prop-
erty under the title thus obtained; that at the time
she purchased said property the deed evidencing said
purchase was recorded in the recorder's office of Ma-
rion county, and that no one else than herself has
been in possession of said property since said pur-
chase, and up to the date of the institution of this suit,
and that she has since paid the taxes thereon contin-
uously without interruption for more than thirty-five
years, and that plaintiff's claim, if any he has, is
barred by the Statute of Limitations, and that if he
ever had any right, title or interest in said land by
his laches and negligence in prosecuting his suit he
has forfeited such right and cannot be heard to com-
plain against defendant, who is a purchaser for value.

Plaintiff's reply, after a general denial, states that
said Eliza Jane Lee, the defendant, is the widow of
Gardiner Shoultz, and was the wife of said Shoultz
at the time of his death; that she has been in posses-
sion of the premises in question from the death of her
husband, as his widow, with her dower right unas-
signed, and that she is a tenant in common with plain-
tiff, and the Statute of Limitations has never begun
to run against him. He denies the purchase of the
land by her at the administrator's sale, and says that
said estate was settled by the administrator long be-
fore October 10, 1864.

In no jurisdiction has the rule been more definitely
stated or more firmly adhered to than in Missouri, that
the widow's possession of land of which
her husband died seized before assign-
ment of dower, is not adverse to his heirs.
[Meddis v. Kenney, 176 Mo. 200; Fischer
v. Siekmann, 125 Mo. 165; Null v. Howell,
111 Mo. 273; Colvin v. Hauenstein, 110 Mo. 575.] And
while it has been intimated in some of the cases cited,
that such facts might arise as to render the possession
adverse, they have not been shown to exist here.

Adverse
Possession:
Widow as
Purchaser.

While it is true that plaintiff or any of the heirs· after reaching their majority might have terminated the right of exclusive possession in quarantine, by having the widow's dower assigned, they were under no legal obligation to do so, and cannot be charged with laches in not having done so, notwithstanding the fact that she purchased the property at administrator's sale, and thereafter claimed it as her own (Fischer v. Siekmann, supra); this is upon the principle that she was a tenant for life and her possession was not adverse to the remaindermen; such a tenant cannot by her dealings with the estate render her holding adverse to the heirs so as to start the Statute of Limitations against them during the existence of her life estate. [Moran v. Stewart, 246 Mo. 462, 474.]

This is other than a purely statutory proceeding. Its equitable features demand that consideration be given the fact that the payment of $300 made by the defendant to the administrator was in the protection and preservation of her rights and those of the heirs in the property. It is true there is a discrepancy in the dates as to the time of the administrator's final settlement and the time of her payment to him, but the fact of the payment itself and that the deed was made by him to her is not attempted to be questioned; although she claims to have been holding under this deed since it was made in 1864, her possession was not adverse, but she held the property subject to her unassigned dower in trust for the heirs, and so holding it, she is entitled to restitution from them for the amount of her outlay and interest from the date of the administrator's deed. Authority is not lacking for this ruling, as is evidenced by the following cases: Throckmorton v. Pence, 121 Mo. l. c. 57; McIntosh v. Smiley, 107 Mo. 377; Henry v. McKerlie, 78 Mo. l. c. 428; Schaefer v. Causey, 76 Mo. 365.

Usually a life tenant is required to pay the taxes (Bradley v. Goff, 243 Mo. 95), but while defendant

.was holding under the widow's quarantine she was not chargeable with the taxes on the property (Graves v. Cochran, 68 Mo. 74; State to use v. White, 61 Mo. 441); nor was she required to account for the rents. [Smith v. Stephens, 164 Mo. 415, 422; Gentry v. Gentry, 122 Mo. 202, 220.] This being true the allowance of interest on the amount of her outlay for the estate is not improper.

In view of the foregoing the defendant, in addition to her dower interest in the property, is entitled to a lien thereon in the sum of $300, with interest at the rate of six per cent per annum from the date of the administrator's deed, and this case is reversed and remanded for further proceedings in accordance with the views herein expressed.

*Brown, J.,* concurs. *Faris, J.,* not sitting.