Marie POSSIEN, Respondent,

v.

Geneva Stone HIGGINS, Appellant.

No. 52684.

Supreme Court of Missouri,
Division No. 2.

Dec. 11, 1967.

Earl R. Blackwell, Hillsboro, for respondent.

H. L. C. Weier, Dearing, Richeson, Weier & Roberts, Hillsboro, for appellant.

STOCKARD, Commissioner.

Defendant has appealed from the judgment of the court decreeing title to real estate in the plaintiff by reason of adverse possession.

George Hofman died on August 28, 1949, survived by plaintiff, his widow, and by defendant, then an adult who was an adopted daughter, the child of a previous wife. George Hofman's estate, of which plaintiff was administratrix, consisted of ten acres of land in Jefferson County upon which there was located a frame house, inventoried at $2,000, and personal property inventoried at less than $300. As his widow, plaintiff was awarded support for one year in the amount of $800, and was awarded $400 statutory allowance in lieu of personal property. Plaintiff's claim in the amount of $1,131.55 for the payment of her husband's funeral bill was allowed. During the administration plaintiff, as administratrix, requested permission to sell the real estate to pay debts, which was refused (apparently on the theory that the land constituted the homestead), and no appeal was taken. The administration of the estate was closed, and $99.91, the amount remaining after the payment of administration expenses, was awarded to plaintiff "as payment toward" the allowances made to her as widow.

At the time of her father's death defendant was over the age of twenty-one so she acquired no homestead interest in the land. Plaintiff remarried in 1950, and any homestead interest that she had then terminated. § 513.495 RSMo 1949, V.A.M.S. Dower was never assigned, and no suit for assignment of dower was ever filed by plaintiff, § 469.250 RSMo 1949, V.A.M.S., or by defendant, § 469.420 RSMo 1949, V.A.M.S., and ten years after the death of George Hofman all actions for the recovery or assignment of dower were barred. § 469.470 RSMo 1949, V.A.M.S.

Plaintiff resided on the land after the death of her husband until February 1950 when she moved to New Orleans. Thereafter she rented the property, except for short periods when the property was vacant, and in the summer of 1963 she lived in the house for about two months. Plaintiff collected the rents through an agent, and she made repairs including a new roof to the house, new bathroom fixtures, the installation of a new water heater, and repairs to the well. She paid all taxes. The file contains a letter dated December 13, 1958 from plaintiff's attorney to defendant in which he states that plaintiff had authorized him to advise her that plaintiff "will take $2,-700 for her life estate in the property." Plaintiff denied that she made an offer "like this," and testified that the "deal," as she remembered it, was that she was "to receive $3,500 for my property if [defendant] got it," and that after she accepted the offer defendant "wouldn't buy it."

In 1965 some neighbors wanted to widen a road, and apparently their effort to obtain the consent of the owner of the land resulted in defendant serving notice on the tenants of the land and on plaintiff that she claimed to be the owner and that the rents should be paid to her. Plaintiff filed this suit to quiet title, and the trial court entered judgment in her favor after finding that since 1949 she "has exercised complete dominion" over the real estate "to the exclusion of all other claims whatsoever, and, in fact, has paid all taxes thereon as due, made repairs and maintained said property as required, managed the property and collected the rents thereon when not actually residing therein since 1949, and has, to all the world, exercised the privileges and responsibilities of ownership thereof for more than 10 years last past without challenge."

Whether the probate court erred in refusing to order the sale of the land is an

issue not before us. No appeal was taken, the land was not sold, and the administration of the estate was closed. At that time fee title to the land was in defendant subject to the plaintiff's homestead rights (which terminated upon her remarriage and that occurred either before or shortly after the administration of the estate was closed), and subject to the widow's dower and quarantine rights which were not terminated by her remarriage. Westmeyer v. Gallenkemp, 154 Mo. 28, 55 S.W. 231, 77 Am.St. Rep. 747; Annotation, 126 A.L.R. 828.

■ Plaintiff was in possession of the land at her husband's death, and by reason of what was known as the widow's quarantine right, she was entitled "[to] remain in and enjoy the mansion house of her husband, and the messuages or plantation thereto belonging, without being liable to pay any rent for the same." § 469.220 RSMo 1949, V.A.M.S. Apparently the parties agree that this included the entire ten acres. However, by reason of § 469.470 the widow's right to dower became extinct unless an appropriate proceeding for the recovery and admeasurement thereof [was] commenced within ten years after the husband's death," and since the widow's right of quarantine given to her by § 469.220, supra, "is an incident of dower and exists only until dower be assigned, it also follows that when the right to have dower assigned expires by limitation and is lost to her, her right of quarantine is also lost." Moore v. Hoffman, 327 Mo. 852, 39 S.W.2d 339, 75 A.L.R. 135. During the ten years following the death of George Hofman, plaintiff was in possession of the ten acres by virtue of her quarantine right. Until dower was assigned plaintiff could enforce her right to possession against all persons, including defendant.

■ It is the general rule that during the time a widow is rightfully in possession of her husband's lands under her statutory right of quarantine, her possession is not of itself adverse to the heirs. Moore v. Hoffman, supra; Westmeyer v. Gallen-

kemp, supra; Swearengin v. Stafford, Mo., 188 S.W. 97; Sherwood v. Baker, 105 Mo. 472, 16 S.W. 938, 24 Am.St.Rep. 399; Null v. Howell, 111 Mo. 273, 20 S.W. 24; Brown v. Moore, 74 Mo. 633; Fischer v. Siekmann, 125 Mo. 165, 28 S.W. 435; Graham v. Stafford, 171 Mo. 692, 72 S.W. 507; Thomas v. Black, 113 Mo. 66, 20 S.W. 657; Moran v. Stewart, 246 Mo. 462, 151 S.W. 439; 3 Am.Jur.2d Adverse Possession § 235; Annotation, 126 A.L.R. 821 et seq. In Shoultz v. Lee, 260 Mo. 719, 168 S.W. 1146, it was stated that "In no jurisdiction has the rule been more definitely stated or more firmly adhered to than in Missouri that the widow's possession of land of which her husband died seised before assignment of dower is not adverse to his heirs." It has been said in some cases that facts might arise which would render the possession by the widow of lands of her deceased husband adverse as to his heirs, but it has been further stated, as a general rule, that it is "only where there is a divestiture of her dower right, as by release to the heir or tenant, or other act amounting to a relinquishment of a dower, brought to the notice of the legal owner, that the widow can set up a possession which would be adverse and prove ownership thereunder according to the usual rules." 3 Am.Jur.2d Adverse Possession § 235; White v. Williams, 260 Ala. 182, 69 So.2d 847. In other words, the widow must affirmatively disavow any claim of right of possession of the land as the widow of her deceased husband, and notice of such disavowal of title must be brought to the heirs. Haynes v. Strange, 232 Ark. 374, 337 S.W.2d 661. In Riggs v. Girard, 133 Ill. 619, 24 N.E. 1031, the payment of taxes by the widow, and in Lambert v. Hemler, 244 Ill. 254, 91 N.E. 435, the payment of taxes and the lease of the property, were held to be insufficient to establish an adverse possession.

■ Although defendant could have asked for the assignment of dower to plaintiff, § 469.420 RSMo 1949, V.A.M.S., she was under no obligation to take that

action, Fischer v. Siekmann, supra, and laches do not run against her for failing to do so. Brown v. Moore, supra.

■ In this case plaintiff entered into possession of the land by reason of her quarantine right as the widow of George Hofman. Such lawful possession, as in the case of an entry with permission, is presumed to continue absent a clear and unequivocal disclaimer, 3 Am.Jur.2d Adverse Possession § 37, and the burden to establish adverse possession is on the one claiming it. Moss v. James, Mo., 411 S.W. 2d 104. While plaintiff paid taxes, rented the property, and made certain repairs, we find nothing which would authorize a finding that she affirmatively disavowed any claim of her right to possess the land by reason of being the widow of George Hofman. In fact, as late as 1958, as indicated by the letter from her attorney, she apparently claimed only a life estate. While this claim was in error, it demonstrated that she did not claim the fee simple title. For these reasons we conclude that plaintiff's adverse possession of the land could not have begun prior to August 28, 1959, the time plaintiff's lawful possession by reason of quarantine terminated, and that plaintiff has not held the land adversely to defendant for ten years.

■ In plaintiff's brief to this court she does not assert that she held the land adversely to defendant during the ten years following the death of her husband. Instead, she asserts that "in the application of the principles of equity" the trial court properly decreed title to be in plaintiff. The argument is that if the probate court had not made such an "illegal and totally incomprehensible ruling" in refusing to order the land sold for the payment of debts and the widow's allowances, "plaintiff would have, of course, at that time become the owner of legal title in fee simple to the real estate"; that a court of equity should "treat as done that which ought to have been done"; and that if this court "finds that the trial court reached

the right decision, but not for the correct reason, then this court can yet affirm the trial court." We cannot assume that if the land had been sold by order of the probate court that plaintiff would have been the purchaser. However, if the ruling of the probate court was erroneous, it was subject to appeal, and as previously noted it was not appealed. The rights of the parties were defined by statute and governed by legal principles. "A court of equity, no more than a court of law may act upon its own conceptions of what is right in a particular case, for established rules and precedents are equally binding upon both law and equity courts; and where the rights of parties litigant are clearly defined by statutes, legal principles and precedents those statutes and legal principles may not be unsettled or ignored. * * * Equity Courts may not disregard a statutory provision, for where the Legislature has enacted a statute which governs and determines the rights of the parties under stated circumstances, equity courts equally with courts of law are bound thereby." Milgram v. Jiffy Equipment Co., 362 Mo., 1194, 247 S.W.2d 668, 676, 30 A.L.R. 2d 925. There was no fraud or other conduct on the part of defendant to warrant the application of equity principles for the relief of plaintiff on the issue of title to the real estate.

■ We note that defendant sought to recover the rents from the property collected by plaintiff subsequent to August 28, 1959, the date that plaintiff's right of possession terminated. Since defendant seeks an accounting as to rents, plaintiff would be entitled to any offsets asserted and established by her. As a general rule, annotation 126 A.L.R. 825, since the interest of the widow by reason of quarantine is merely a possessory privilege which may be terminated at any time by the assignment of dower, she is under no duty to pay the taxes on the property during the period of quarantine or to make repairs, even though she is entitled to rents. Grogan v. Grogan, Mo., 177 S.W. 649; Shoultz v. Lee, 260

Mo. 719, 168 S.W. 1146; Schowe v. Kallmeyer, 323 Mo. 899, 20 S.W.2d 26; Rains v. Moulder, 338 Mo. 275, 90 S.W.2d 81. In certain circumstances the widow has been held entitled to a credit for such expenditures in an accounting with the heirs. Spinning v. Spinning, 43 N.J.Eq. 215, 10 A. 270; Simmons v. Lyle's Adm'r, 32 Grat. (Va.) 752. In addition, taxes paid and repairs made subsequent to August 28, 1959, should be considered. The facts before us are not sufficient to rule these claims, and in fact they are not presented, but plaintiff should be entitled to present them and her proof in support of them, if so advised.

The judgment is reversed and the cause remanded with directions that title to the land be decreed to be in defendant, and that an accounting between the parties be held if appropriate after there has been an opportunity to assert and establish claims.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.