Haynes *v*. Strange.

5-2161                                         337 S. W. 2d 661

Opinion delivered June 6, 1960.

[Rehearing denied September 12, 1960]

*Arnold & Hamilton,* for appellant.

*Robert B. Gibson,* for appellee.

Sam Robinson, Associate Justice. Appellee, Nannie Strange, filed this suit to quiet title to 80 acres of land. From a decree in her favor appellants have appealed. George Strange, deceased husband of appellee, bought the property in 1928 and occupied it as his homestead until his death in 1936, when he died intestate, leaving surviving him his widow and seven children, five of whom were of age. Shortly after his death Mrs. Strange, the appellee, notified the five children who were of age that she was claiming ownership of the land, and gave the minor children the same notice when they became of age, which was more than seven years before the commencement of this suit in 1957. Four of the heirs, for the consideration of $500 each, conveyed their interest in the remainder to appellants, Leroy Haynes and Belle Haynes. The issue is whether Mrs. Strange has acquired the fee title in the property by adverse possession, or whether she owns only dower and homestead rights.

In her complaint Mrs. Strange alleges that her husband bought the property in 1928. She makes no claim

to having been one of the purchasers. The complaint alleges: "That in approximately the month of February, 1928, her husband, George C. Strange, purchased and obtained a deed to the following property, to-wit: . . ." Mrs. Strange bases her claim of ownership solely on adverse possession. The complaint alleges in that respect: "That since the death of the said husband and father, on December 15, 1936, the widow and petitioner, Nannie Strange, has exercised exclusive, open, notorious, actual, adverse, possession of the aforementioned property as against the world and the defendants named in the style of the case and the individuals named in the body of the petition, and is now in actual possession of said property, and has disavowed and has not recognized the claim or interest of the named individuals or any other persons as to the property since the death of George C. Strange."

Upon the death of her husband, Mrs. Strange acquired by operation of law dower and homestead interest in the property. Before she could acquire the fee by adverse possession, she would have to renounce the rights of dower and homestead in an unequivocal manner. This she failed to do. She merely told the children that she was claiming to be the owner of the property, but she did not say she was renouncing her dower and homestead rights. In *Watson* v. *Hardin,* 97 Ark. 33, 132 S. W. 1002, this Court said: "The testimony adduced upon the trial of the case proved that Rachel Watson retained possession of the land after the death of Steve Watson solely by reason of the fact that she was his widow. Her claim to the land was derived from Steve Watson, and was in recognition of his right and title thereto. Her claim was therefore in recognition also of the interest of the heir of Steve Watson, if he had an heir. In its inception her claim of possession of the land was not hostile to the right or interest of the heir of Steve Watson, but was perfectly consistent and in conformity with such right and interest. It is true that her claim and possession might have been of such a nature as to amount to an entire disseizin of the heir and an entire denial of his rights, so as to result in an ac-

quisition of title by adverse possession; *but, before her possession could become adverse, it was necessary for her to first repudiate the title of Steve Watson and to disavow any claim thereto as his widow; and it was also essential that notice of such disavowal by her of title as widow should be brought home to the heir.* If Rachel Watson acquired possession of the land as widow of Steve Watson, and therefore in conformity with the right and interest of his heir and not in opposition to such interest, then, in order to constitute possession that would be adverse, *it was incumbent upon appellee to prove that she disclaimed title in Steve Watson, under whom she acquired the possession,* and that she claimed actual possession thereof *hostile to that title* and to the heir, of which he had notice; or that her disclaimer and hostile possession was so open and notorious as to raise the presumption of notice to him." (Emphasis supplied.)

In Restatement — Law of Property — § 222, comment (f), it is said: "*Owner of present interest as adverse possessor against owner of future interest.* In cases within the rule stated in this Section, since the owner of the present estate is entitled to possession and the owner of the future estate is not, no adverse possession by the former against the latter is possible until the future interest becomes a present interest. It is immaterial that the present owner claims a larger interest under color of title, or informs the future owner that he claims an estate in fee simple absolute, or does both."

Here Mrs. Strange had the right of possession by reason of her dower and homestead interest, and even though it be conceded that she announced to the world that she was claiming the fee ownership in the property, from a practical standpoint there was nothing the remaindermen could do, since she had not repudiated her interest growing out of dower and homestead. And, furthermore, if she had repudiated such interest at that time, she would have had no interest in the property at all, because she did not begin claiming adversely until shortly after the death of her husband, and of course it would take seven years for her claim to ripen into owner-

ship. The evidence is not sufficient to show that she repudiated or renounced her dower and homestead rights, and therefore she could not claim adversely to the remaindermen.

Reversed, with directions to dismiss the complaint.