Clara JOHNSON, Appellant,

v.

**JULIETTE FOWLER HOME, INC., and Shiloh Methodist Cemetery Association of Caddo Parish, Louisiana, Appellees.**

No. 7484.

Court of Civil Appeals of Texas.

Texarkana.

March 26, 1963.

Rehearing Denied May 21, 1963.

J. E. Jackson, Carthage, for appellant.

Davis Bailey, Carthage, for appellees.

FANNING, Justice.

Clara Johnson filed a claim against the estate of Mrs. Georgia A. Johnson, deceased, which claim was approved in the amount of $3517.66 by the probate court of Panola County, Texas. Appellees herein appealed to the District Court. Trial was had in the District Court, and four special issues were submitted to a jury.

Special Issue No. 1 and the answer of the jury thereto were as follows:

"Do you find from a preponderance of the evidence that Mrs. Clara Johnson advanced funds in payment of drug bills, doctor bills and nursing bills for and on behalf of Mrs. Georgia A. Johnson during her lifetime?

"Answer 'Yes' or 'No'.

"ANSWER: No."

The remaining conditionally submitted issues were not answered by the jury.

The trial court refused appellant's motion for judgment n. o. v., and rendered judgment for appellees denying appellant's claim. Appellant's motion for new trial was overruled and appellant has appealed.

■ Appellant by her points 1, 2, 3, and 4 contends in essence that appellees failed to show by any proof that they had any interest in the estate of Georgia A. Johnson, deceased, or that they would suffer any injury by reason of appellant's claim.

Appellant filed no verified pleading denying the truth of the pleadings of appellees with respect to the capacities in which appellees contested the claim of appellant and the interests that appellees pleaded that they had in the matter in dispute. Since appellees sufficiently set forth in their pleading their interests and capacities entitling them to contest appellant's claim, and since appellant failed to file a verified denial of such allegations, formal proof of such pleaded interests and capacities was not required. Rule 93, Texas Rules of Civil Procedure; Boothe v. Blanchette, Tex.

Civ.App., 208 S.W.2d 105; Barney v. Huff, Adm., Tex.Civ.App., 326 S.W.2d 617, wr. ref., n. r. e.; Joy v. Joy, Tex.Civ.App., 156 S.W.2d 547, wr. ref. Appellant's points 1 through 4, incl., are overruled.

■ Appellant by her points 6, 7, 8, 9 and 11 contends to the effect that there was no evidence to support the answer of the jury to special issue No. 1.

Mrs. Clara Johnson, appellant-claimant, testified to the effect that Mrs. Georgia A. Johnson resided in the home of herself and her husband, Edgar Johnson (the son of Mrs. Georgia A. Johnson), from July 1957 until August 18, 1959, when Mrs. Georgia A. Johnson died; that during such period Mrs. Georgia A. Johnson was an invalid and was cared for by Clara Johnson and a colored nurse, Pinkie Young; that she paid the various sums listed in the claim to Pinkie Young as nursing fees, and also paid certain listed medical and drug bills. Appellees introduced in evidence various royalty checks aggregating a substantial amount, payable to Mrs. Georgia Johnson, which checks appear to have been last endorsed by Edgar Johnson, the husband of Clara Johnson. Appellant on cross-examination testified that she paid the nursing bills and drug bills out of capital funds of a grocery store she and her husband operated—her explanation in this regard was questioned by a vigorous cross-examination. Appellant further testified to the effect that the claim was justly due and that all offsets, payments and credits had been allowed and that there were no counter-claims against her for any debts that claimant owed the estate.

On June 2, 1958, Mrs. Georgia A. Johnson conveyed the acreage and estate in the lands devised to her by her daughter, Cora Johnson, deceased, (which was a life estate) to Jesse Johnson, Ethel Johnson, Edgar Johnson and Clara Johnson. After this deed was executed and from July 22, 1958 to July 16, 1959, the royalty checks between said dates were payable to Mrs. Georgia A. Johnson, Jim Johnson, Ethel Johnson, Ed-

gar Johnson, and Clara Johnson, with the name of Georgia A. Johnson appearing as the top endorser on said checks.

Pinkie Young, the colored nurse, testified to the effect that she nursed Mrs. Georgia A. Johnson for the period above referred to and was paid for her nursing services by Clara Johnson, and that medicine was bought by Mr. and Mrs. Edgar Johnson. She also testified she signed the penciled receipts on notebook paper introduced in evidence about which she and Mrs. Clara Johnson were vigorously cross-examined.

There is a complete absence of any testimony in the record to show that Mrs. Georgia A. Johnson ever contracted to pay or authorized the payment of the nursing, medical and drug bills in question. Also there is no testimony in the record as to the reasonableness of the nursing charges, medical and drug bills.

The burden was not on contestants-appellees to disprove the claim of Mrs. Clara Johnson. The burden was on appellant-claimant to establish by a preponderance of the evidence the validity of her claim. The jury was the judge of the credibility of the witnesses and of the weight to be given their testimony. Mrs. Clara Johnson, the appellant-claimant, was also an interested witness in the cause. It is our view that the jury, in the exercise of its proper jury function, under the record in this cause was not compelled by the evidence to answer Issue No. 1 in the affirmative, but was authorized, within the exercise of its proper jury function, to answer Issue No. 1 in the negative, as they did so answer said issue. Appellant's points 6, 7, 8, 9 and 11 are overruled.

It is our further view, after a careful consideration of the entire record as a whole in the light of the rules announced in the case of In Re: King's Estate, 150 Tex. 662, 244 S.W.2d 660, that the jury's answer to Special Issue No. 1 was not so against the great weight and overwhelming preponderance of the evidence as to be clearly wrong and manifestly unjust. Appellant's 10th point is overruled.

None of appellant's remaining points are deemed as presenting reversible error, and the same are respectfully overruled.

The judgment of the trial court is affirmed.