STATE of Missouri, ex rel. STATE HIGHWAY COMMISSION of Missouri, Respondent,

v.

Rey EILERS et al., on Exceptions of Ransom E. Dudley, Louise Dudley, and Fulton National Bank, a Corporation, Defendants,

Fulton National Bank, a Corporation, Appellant.

No. 53871.

Supreme Court of Missouri, Division No. 2.

Sept. 8, 1969.

Motion for Rehearing or to Transfer to Court En Banc Denied Oct. 13, 1969.

Robert L. Hyder, Thomas E. Cheatham, Jefferson City, for respondent.

Spencer & Petri, Columbia, for defendant-appellant.

FINCH, Judge.

The State Highway Commission filed suit in Callaway County to condemn land for highway purposes. Named as defendants were the owners of the various tracts sought plus those holding liens thereon by reason of deeds of trust or judgments. One of the tracts was owned by Ransom E. Dudley and Louise Dudley subject to a note to the Fulton National Bank which was secured by a deed of trust in which Clyde Boyd was named as trustee.

The commissioners appointed by the Circuit Court filed a report awarding damages of $27,000 for the taking of the Dudley tract. Exceptions to the commissioners' report were filed, and in a subsequent trial damages were fixed at $12,125. That judgment was affirmed on appeal to this court. State ex rel. State Highway Commission v. Eilers, Mo., 406 S.W.2d 567.

The judgment entered by the Circuit Court following the jury verdict recited that the case had been heard by the jury, which then returned a verdict finding the issues for Ransom E. Dudley and Louise Dudley and assessing their damages at $12,125. That judgment, dated February 13, 1965, then concluded as follows:

"Wherefore, it is considered, ordered, adjudged and decreed by the court that the defendants, Ransom E. Dudley, Louise Dudley, Fulton National Bank, a Corporation, and Clyde Boyd, Trustee, do have and recover from plaintiff the total sum of Twelve Thousand One Hundred Twenty-Five Dollars ($12,125), and since that sum is Fourteen Thousand Eight Hundred Seventy-Five Dollars ($14,875) less than the Twenty-Seven Thousand Dollar award of commissioners heretofore on the 26th day of June, 1963 paid to the Clerk of the Circuit Court of Callaway County by plaintiff for defendants, it is further ordered that plaintiff shall have and recover from defendants the sum of Fourteen Thousand Eight Hundred Seventy-Five Dollars ($14,-875), together with interest at the rate of six per cent per annum from the date the commissioners' award was withdrawn from the Court."

After affirmance of that judgment on appeal, a writ of execution was issued against the Fulton National Bank for $14,875 plus interest thereon. Interest through October 28, 1966, amounted to $2,975, making a total sought under the

execution of $17,850.[1] Fulton National Bank, on November 23, 1966, filed a petition to quash that execution. The State Highway Commission then filed a motion to dismiss that petition, which the Circuit Court sustained. This appeal followed. We have jurisdiction by reason of the amount involved.

The judgment of February 13, 1965, recites that the commissioners' award of $27,000 was paid by the Highway Commission to the Circuit Clerk of Callaway County on June 26, 1963. There is no finding or recital in the judgment that this money or any portion of it was ever disbursed by the Circuit Clerk, nor is there any separate order or entry in the transcript which so indicates. The judgment provides that interest shall accrue from the date the commissioners' award was withdrawn, but that is not a finding that the money was withdrawn or by whom, if it was. The briefs herein and papers filed in connection with the petition to quash the execution recite that the Circuit Clerk of Callaway County issued a check for $27,000 which was payable to Ransom E. Dudley, Louise Dudley and the Fulton National Bank, which they subsequently endorsed, but this is all outside the record made by the Circuit Court, as shown in the transcript. Neither the judgment of February 13, 1965, nor any other order or judgment prior to that date disclose any distribution of any of the $27,000 to the Fulton National Bank or, for that matter, to either Ransom E. Dudley or Louise Dudley.

It is the position of the Highway Commission that the judgment of February 13, 1965, constituted a final *in personam* judgment against the Fulton National Bank for $14,875 plus interest and that the bank now seeks in its petition to quash to make a collateral attack on that judgment.

In Missouri it is well settled that eminent domain proceedings are *in rem* rather than *in personam* proceedings, and that when an award is made and paid into the registry of the court, the fund is substituted for the land and becomes the *res*. State ex rel. McCaskill v. Hall, 325 Mo. 165, 28 S.W.2d 80, 69 A.L.R. 1256; State ex rel. State Highway Commission v. Paul, Mo., 368 S.W.2d 419; City of St. Louis v. Moehlenhoff, Mo.App., 322 S.W.2d 155.

Under the above authorities, the condemnation suit against Dudley and others was an *in rem* action. When the $27,000 commissioners' award was deposited by the Highway Commission with the Clerk of the Circuit Court of Callaway County, it was substituted for the Dudley tract of land and became the *res* of the condemnation action. So long as the money was not distributed but remained in the registry of the court, the action continued to be one *in rem* rather than *in personam*. City of St. Louis v. Moehlenhoff, supra. The court could not, in such a situation, enter an *in personam* judgment against the defendants for the difference between the jury verdict and the commissioners' award.

We conclude that the record presented to us on appeal does not support the entry of an *in personam* judgment against the defendants, and that said judgment was void. Consequently, it was subject to collateral attack by the Fulton National Bank.

Such a condemnation proceeding may be converted into one *in personam* if the defendants file a motion requesting payment to them of the amount of the commissioners' award and the money is distributed to them. Their request amounts to a general appearance for that purpose because as a result of the distribution

---

1. The briefs indicate that the Highway Commission examined Dudley and ascertained that he was judgment proof. It then ordered the execution against the Bank for the full amount, although counsel for the Commission in oral argument conceded for purposes of this appeal that the Bank only received the balance on its mortgage of about $2,400.

of the money the *res* is gone and the action no longer can be one *in rem*. This view is expressed in the supplemental opinion written on motion for rehearing by the Kansas City Court of Appeals in State ex rel. State Highway Commission v. Brown, 231 Mo.App. 56, 95 S.W.2d 661, 669. Thereafter, if it be determined that the amount distributed to defendants was in excess of the damages finally awarded, the court would have jurisdiction to enter an *in personam* judgment for recovery of the excess.

Prior to 1965, there was no statute governing distribution of condemnation awards amoung defendants. However, the courts of this state had recognized that a right did exist in defendants in condemnation suits to secure release to them of the funds deposited in the registry of the court by condemnor following the report of commissioners. For example, in State ex rel. State Highway Commission v. Paul, supra, 368 S.W.2d 1. c. 423, this court said: "The award on deposit in the registry of the court has the attributes of a fund in litigation which cannot be distributed without an order of the court. In condemnation cases the approved method is to assess in one sum the damages to a particular lot or tract of land and to require the owner of the fee, lessees, trustees, mortgagees, and other claimants to apply to the circuit court for the apportionment of the damages among them according to their various interests."

In 1965, but subsequent to the judgment entered on February 13, 1965, the General Assembly enacted what is now § 523.053, V.A.M.S. That statute established a definite procedure for distribution of condemnation awards among interested defendants. It also provided the formula for repayment by the various defendants in the event the final damage award was less than the amount returned by the commissioners. It should be noted that a general *in personam* judgment for the entire amount of the excess is not what the statute prescribes. Rather, the amount to

be repaid by each defendant is in proportion to the amount of the original award received by that defendant, with certain qualifications as more particularly set out in paragraph 3 of that section of the statute.

■ Accordingly, we reverse and remand with directions to sustain the motion to quash the execution. The trial court then should proceed to enter a proper judgment in the condemnation suit. If, after hearing, the court ascertains that the amount of the commissioners' award was in fact disbursed, it can make an appropriate finding and enter an *in personam* judgment for repayment of the excess funds received by the various defendants, following the formula as set out in § 523.053, V.A.M.S.

DONNELLY, P. J., and HOLMAN, J., concur.

MORGAN, J., not sitting.