STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Plaintiff-Respondent,

v.

THELNOR, INC., et al., On Exceptions of Leah Obin, et al., Defendants,

Southern Commercial & Savings Bank, Defendant-Appellant.

No. 34299.

Missouri Court of Appeals, St. Louis District, Division One.

Sept. 12, 1972.

Greensfelder, Hemker, Wiese, Gale & Chappelow, Louis J. Garr, Jr., St. Louis, for defendant-appellant.

Donald L. Spry, Asst. Counsel, State Highway Comm., Kirkwood, Robert L. Hyder, Jefferson City, for plaintiff-respondent.

WEIER, Judge.

This is a condemnation proceeding instituted by the State Highway Commission of Missouri in connection with the widening of U.S. Highway 66TR (Lindbergh Boulevard) in St. Louis County, Missouri. The land taken was a narrow strip abutting the westerly edge of the highway a distance of 933.33 feet. In area it constituted .435 acre. The entire tract before the taking consisted of 3.951 acres. Damages in the amount of $14,500.00 were awarded by the commissioners. After exceptions were filed, a trial in the circuit court resulted in a jury verdict in the sum of $8,900.00, some $5,600.00 less than the commissioners' award. From the judgment entered on the verdict, defendant Southern Commercial & Savings Bank, the holder of a note secured by a deed of trust on the land, has appealed.

R. W. Hawkins, the trustee named in the deed of trust held by defendant bank, was not served with summons and a notice of the commissioners' award. Defendant bank contends Hawkins, as trustee, was the holder of a record title to

the property and under Rule 86.03, V.A.M.R., he was an indispensable party to the condemnation action. Hence, under Rule 86.08, V.A.M.R., he should have been served a copy of the notice of commissioners' award. Rule 86.03 does require the inclusion of parties defendant who have a title appearing of record upon the proper records of the county wherein the real estate affected lies. But a trustee named in a deed of trust to secure the payment of a note obligation is not such a party. It has long been the rule in Missouri that a trustee under a deed of trust in the nature of a mortgage given to secure the payment of debt is not the holder of title to the real estate described in the instrument. The deed of trust merely creates a lien on the land while the debt remains unpaid. The grantor remains the owner of the land until entry for breach of the condition of the deed of trust. Coleman v. Crescent Insulated Wire & Cable Co., 350 Mo. 781, 168 S.W.2d 1060, 1065[5]; City of St. Louis v. Koch, Mo.App., 156 S.W.2d 1, 5[3]. Appellant's contention that R. W. Hawkins, as trustee, is an indispensable party is without merit.

Defendant bank next contends the trial court erred in permitting one of the witnesses for the highway commission to testify as to the existence of St. Louis County ordinances which established a set-back line for buildings at a distance of 110 feet from the center line of Lindbergh Highway. In explaining how he arrived at his appraisal and damage figure, the witness in a lengthy narrative account used in presenting the factual data upon which he based his valuation testimony, interjected this statement: "After the taking, the property still has frontage along Lindbergh and due to restrictions by St. Louis County a set back of 110 feet. 110 feet is within the new area." [remaining area]. Objection was made on the basis of the best evidence rule and overruled. We agree with appellant's contention that neither parol evidence nor an exercise of judicial notice can be relied upon to show the existence of

an ordinance. Such an ordinance must be introduced into the evidence after proper identification. Schneider v. Bi-State Development Agency, Mo.App., 447 S.W.2d 788, 790[5]. In this instance, however, this witness, an expert on real estate values, was informing the jury on how he arrived at these values. In relating those factors which he considered in formulating his opinion as to market value, the witness was in effect bringing the considerations of the market place into the court room. In such circumstances, the hearsay and best evidence rules are not applied to prevent an expert from giving the basis of his opinion of value. The tendency is to admit any evidence which has bearing on the question of value and which may enlighten the jury as to the basis upon which the opinion is made. The boundaries or range of the investigation by the expert and the matters into which he delves to support his opinion are very largely left to the sound discretion of the trial judge. Counter evidence and cross-examination are relied on to weaken or destroy the validity of the experts' testimony. State ex rel. State Highway Commission v. Carlson, Mo.App., 463 S.W.2d 74, 77; 9 A.L.R.3rd 291.

Next, defendant urges that the court erred when it admitted certain photographs identified by a valuation expert appearing for the highway commission. Small pictures were taken during an inspection at about the time the state took the property under the condemnation proceeding. Both were oblique views taken from either direction on the highway. The witness testified they were fair and accurate representations of the property. On cross-examination, the witness admitted that most of a hill was obscured in one picture by a billboard and in the other picture there were no landmarks to aid one in determining the beginning of a rise, other than a double-faced sign. Objection was made that the photographs did not fully show the property in the rise. It is obvious from the exhibits that billboards are so generously placed upon this portion of

Lindbergh, it would be difficult to take a photograph of the land in question with any perspective and yet eliminate billboards. The admission of photographic evidence is largely within the sound discretion of the trial court, and, unless there is a manifest abuse of that discretion, the ruling by that court will not be disturbed on appeal. State ex rel. State Highway Commission v. Eilers, Mo., 406 S.W.2d 567, 570[5]. We have examined the photographs and the testimony of the witness identifying them. While a professional photographer, with perseverance and knowledgeable placement of the camera, might have produced a better result, the pictures do show a considerable rise in the land west of the highway. We see no abuse of discretion in the ruling of the court.

 Finally, defendant bank contends that the evidence fails to show that it received any part of the $14,500.00 awarded by the commissioners and paid into the registry of the court. It asserts, therefore, that the judgment taken against it for $5,600.00, the difference between the commissioners' award and the verdict of the jury, is not valid. Plaintiff responds to this contention by attempting to supply this court with facts which indicate the bank received the major part of the proceeds paid into court after the commissioners' award. We do not find any support for this statement in the record before us and we are bound by the record. State ex rel. State Highway Commission v. Galeener, Mo., 402 S.W.2d 336, 342[10]; 85 A.L.R.2d 110. Section 523.053, RSMo 1969, V.A.M.S., has established a procedure for distribution of the proceeds of an award to those having an interest in the land taken in condemnation. Subsection 3 provides a formula for repayment in the event the final award by a jury is less than that of the commissioners' award. Simply, it provides for repayment in the same proportion that the amount they received bore to the total amount awarded and paid into court. To sustain an in personam judgment against defendant bank, evidence must be intro-

duced to prove how much of the award was paid to it. State ex rel. State Highway Comm. v. Eilers, Mo., 445 S.W.2d 374, 376[3].

Since there was no procedural error in the trial of the issue of damages, we affirm the judgment as to its determination in this respect in the amount of $8,900.00. We reverse and remand that part of the judgment which imposes a liability on defendant Southern Commercial & Savings Bank for $5,600.00, the excess of the commissioners' award over the award of the jury. At retrial, the cause shall be restricted to a determination of the amount of the award, if any, paid to or received by defendant bank and recovery, if any, limited to the percentage established by that payment. Costs are taxed against plaintiff.

BRADY, C. J., and CLEMENS, J., concur.