George H. ACKERMAN and Louise M. Ackerman, Plaintiffs-Appellants,

v.

CLAIRTOWN INVESTORS, INC., et al., Defendants-Respondents.

No. 34588.

Missouri Court of Appeals, St. Louis District, Division One.

May 22, 1973.

---

Jenny, Cole & Eckelkamp, James A. Cole, Union, for appellants.

John W. Waller, Sullivan, Ruppert & Schlueter, Clayton, for respondents.

CLEMENS, Judge.

Plaintiffs sought a declaratory judgment that restrictive covenants on lots dedicated as Clairtown Subdivision in Franklin County were not applicable to their land. Defendants prayed for a decree declaring the opposite. The trial court found for defendants and plaintiffs appeal.

Since plaintiffs' brief fails to comply with Rule 84.04, V.A.M.R. and manifest justice does not require us to suspend that rule, we dismiss the appeal as authorized by Rule 84.08.

Plaintiffs broadly state in their first point relied on: "Ambiguities in the construction of covenants are to be strictly construed and are to be resolved in favor of the free and unrestricted use of land." Four similar, equally abstract statements follow. These points preserve nothing for review. Each violates Rule 84.04(d) condemning bare abstract statements of law and requiring points relied on to state concisely what actions of the court are sought to be reviewed and wherein and why they are erroneous. None of plaintiffs' points relied on complies. Compare Chase Realty Co. v. Dorel Co., 437 S.W.2d 65 [1, 2] (Mo.1969).

Plaintiffs' brief, both in the statement of facts and the argument sections, is barren of page references to the transcript, as required by Rule 84.04(h). This court has never been required to wade through transcripts to seine out the pertinent facts. Kasper v. Helfrich, 421 S.W.2d 66 [17] (Mo.App.1967). In Donnell v. Vigus Quarries, Inc., 489 S.W.2d 223 (Mo.App.1972), we pointed out that our annual case load was increasing from 325 cases to a projected load of 830 cases in 1973–1974. We there said: "With such a burden we must not only call on counsel to follow the rules on appeal but must demand it. It is only with the conscientious and effective help of lawyers practicing in our court that the appellate process will continue to function."

The appeal is dismissed.

DOWD, C. J., and McMILLIAN, J., concur.