Margaret L. HALL, Individually and as Executrix of the Estate of Edward
H. Hall, Appellant,

v.

Harry L. HALL et al., Respondents.

No. KCD 26131.

Missouri Court of Appeals,
Kansas City District.

Feb. 4, 1974.

Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Thomas J. Wheatley, Maurice J. O'Sullivan, Jr., Kansas City, for appellant.

Slagle & Bernard, Warren E. Slagle, Kansas City, for respondents.

Before DIXON, C. J., PRITCHARD and SOMERVILLE, JJ., and DONALD B. CLARK, Special Judge.

DONALD B. CLARK, Special Judge.

This action involves a dispute among shareholders in a closely held corporation. The facts are not in dispute.

Respondent Musselman and Hall Contractors, Inc. (hereafter the corporation) is a Missouri corporation, the corporate stock of which was wholly owned immediately prior to September 19, 1969 in equal proportions by Edward H. Hall and respondent Harry L. Hall. On the last mentioned date, Edward H. Hall died leaving his widow, appellant surviving him. Appellant thereafter succeeded to a fifty percent stock interest in the corporation in her representative capacity as the duly appointed and acting executrix of the estate of her deceased husband and is also interested as residuary devisee of the estate.

Prior to Edward Hall's death, he and respondent Harry Hall were the only directors of the corporation. Acting to fill the vacancy created by the death of Edward, respondent Harry Hall appointed his wife, respondent Florence E. Hall, as a director of the corporation and thereafter, acting as the then board of directors, they appointed themselves as president and vice-president of the corporation. To the date of the filing of this action, no further election of directors or officers has been held and the individual respondents have continued to serve as the only directors and officers of the corporation.

Upon the failure of the individual respondents to call or convene the required annual meeting of the corporation, appellant by written and published notice called an annual meeting for the second Tuesday in May, 1970, such being the date specified in the corporate by-laws. Appellant appeared at the registered office of the corporation to participate in the business of the meeting and to vote the shares held by her in her representative capacity, but respondent Harry Hall, the only other shareholder, failed and refused to attend. The equal division of stock requires the participation of both shareholders to achieve a quorum. Being unable to transact any business without the vote of the shares of the other stockholder, appellant has subsequently adjourned the 1970 annual meeting from week to week.

Subsequent to September 19, 1969, the individual respondents have been in practical control of the corporation. As no election of directors could be held, respondents have continued in office by reason of the failure to elect or qualify any successors. At a special meeting of directors held August 6, 1970, the individual respondents by resolution directed the offering and sale of 3000 shares of the capital stock of the cor-

poration being the balance of authorized but unissued stock. The purchase or offering price was set at $10.00 per share. Appellant indicated her desire and ability to exercise her preemptive right to purchase one-half of the additional stock so offered but contended that the stock issue would be invalid having been approved by directors unlawfully holding office.

In her petition to the court below, appellant sought to enjoin respondent Harry Hall from refusing to attend shareholders' meetings of the corporation, to enjoin the individual respondents from establishing a terminal date for exercise of preemptive purchase rights for the new issue and from continuing to act as directors and officers of the corporation pending a meeting of shareholders. On the motion of respondents asserting failure to state a cause of action, respondents' petition was dismissed and this appeal has resulted.

■ It is first necessary to dispose of respondents' motion to dismiss this appeal for failure to comply with Civil Rule 84.-04(d), V.A.M.R. Respondents appropriately observe that appellant's alleged points of error do not by any latitude of construction advise this court wherein and why the rulings sought to be reviewed are erroneous. A mere statement such as "The remedy of mandatory injunction is the most appropriate remedy" neither satisfies the rule nor preserves anything for review. Chambers v. Kansas City, 446 S.W.2d 833 (Mo.1969). In point of fact, the trial court found that injunction in this case was not the appropriate remedy. Adherence to the rule requires of appellant a concise statement of "why" injunction is an available remedy which should have been employed here to afford relief to appellant. Freshour v. Schuerenberg, 495 S. W.2d 116, 118 (Mo.App.1973).

■ While appellant's failure adequately to state or preserve for review the points relied on justifies dismissal of the appeal as was ordered in Ackerman v. Clairtown

Investors, Inc. et al., 495 S.W.2d 721 (Mo. App.1973) on similar facts and contentions, we do not here labor under the burden of an extensive record and, in the interests of meeting the controversy, will examine the issues as we deem them to exist.

■ The dismissal of appellant's petition was, by the trial court, in the nature of a summary judgment and, in effect, amounted to a determination that appellant was not entitled to recover as a matter of law. No issues of fact were presented as respondents' motion admitted all facts well pleaded in the petition. This court is therefore not obligated to weigh the presence or absence of genuine issues of fact, but only to determine if the respondents were entitled to judgment as a matter of law. Civil Rule 74.04. In passing on the sufficiency of the factual basis to support the relief requested, the party against whom judgment has been rendered is entitled to the benefit of all facts alleged and all inferences reasonably derived therefrom. Parker v. Sherman, 456 S.W.2d 577 (Mo.1970). If the result accomplished in the trial court can be sustained as proper as a matter of law, the appellate court must affirm irrespective of the theory on which the judgment was based. Stewart v. Zuellig, 336 S.W.2d 399, 402 (Mo.1960).

The substance of appellant's complaint is that her fifty percent ownership interest in the corporation has been rendered impotent by the refusal of respondent Harry Hall to attend and participate in stockholders' meetings. Of course, such is an inevitable consequence where disputes between equal shareholders occur as Section 351.265 RSMo 1969, V.A.M.S., constitutes a quorum as the majority of outstanding shares entitled to vote and conditions valid corporate acts on the decision of majority of the quorum. Recognizing then that the owners of fifty percent or more of the corporate stock may frustrate the conduct of business at stockholder's meetings, is such inaction unlawful and if not, do remaining stockholders have a remedy?

■ The very nature of the corporate form is the creation by statute of an entity separate and apart from the individuals who own, manage and operate it. One who acquires corporate stock obtains an interest in the corporate assets after payment of corporate debts and a right to participate in management which he may or may not exercise. Insurance Agency Co. v. Blossom, 231 S.W. 636 (Mo.App.1921). The holder of shares is under no obligation whatever to the corporation other than to make full payment of the consideration for which the shares are issued. Section 351.-275 RSMo 1969, V.A.M.S. As participation by a shareholder in management of corporate affairs is voluntary, it necessarily follows that no shareholder may be compelled to attend or participate in shareholders' meetings. Any different rule would contradict the distinction which separates the corporate existence from the identity of its shareholders and which vests management responsibilities in the directors.

■ Conceding that the failure of respondent Harry Hall to attend stockholders' meetings has injured appellant in preventing her from participating in the management of the corporation, if respondent is under no legal duty to participate, how may a court of equity compel him by injunction to attend and vote at a stockholders' meeting? No maxim of equity may be invoked to destroy an existing legal right nor may equity create a right at law which does not exist. Milgram v. Jiffy Equipment Co., 362 Mo. 1194, 247 S.W.2d 668, 675 (1952). Equity does not create rights but determines what rights the parties have and whether and in what manner it is just and proper to enforce them. Fleming-Gilchrist Const. Co. v. McGonigle, 338 Mo. 56, 89 S.W.2d 15, 18 (1935); Blisner v. Gurtz, 432 S.W.2d 361 (Mo.App. 1968). A court of equity may not act merely upon its own conceptions of what may be right in a particular case, but is bound by established rules and precedents. Possien v. Higgins, 421 S.W.2d 327, 331 (Mo.1967).

■ No allegation was made by appellant of any contractual obligation on the part of respondent Harry Hall to attend and participate in stockholders meetings and none exists by statute or rule of law. It therefore follows of necessity that a court of equity may not by injunction compel that for which no legal duty lies. The trial court was correct in refusing to grant the mandatory injunction requested.

Although appellant's petition alleged oppression by respondent Harry Hall in the matter of salary payments from corporate funds to the individual respondents and further alleged dilution, wasting and diversion of corporate assets, no suggestion is made as to why appellant may not move to dissolve the corporation under Section 351.485 RSMo 1969, V.A.M.S., or, as the trial court suggested, try by quo warranto the right of the individual respondents to continue in the offices of directors and corporate officers when the statutory requirements for annual stockholders' meetings have been subverted. As is noted in Fletcher-Cyclopedia Corporations, Vol. 5, Chapter 13, p. 22, although quo warranto as a remedy to oust one from an office illegally held would not produce a judgment requiring an election of officers, it might produce a vacancy necessitating one. Alternative methods whereby appellant may obtain redress do not require ruling on this appeal.

The other points cited by appellant preserved nothing for review and do not require comment. Civil Rule 84.08.

The judgment of the trial court dismissing appellant's petition is affirmed.