John D. EGAN, Plaintiff-Appellant,

v.

ST. LOUIS–SAN FRANCISCO RAIL-
WAY CO., a corporation,
Defendant-Respondent.

No. 10439.

Missouri Court of Appeals,
Southern District,
Division One.

May 17, 1979.

Edward V. Sweeney, Sweeney & Swee-
ney, Monett, for plaintiff-appellant.

C. Wallace Walter, F. Bennett Lilley, Jr.,
Kim W. Reeves, Mann, Walter, Burkart,
Weathers & Warden, Springfield, for de-
fendant-respondent.

PER CURIAM:

Plaintiff sued defendant railroad for ac-
tual and punitive damages because, as he
alleged, defendant wrongfully discharged
plaintiff and thereafter fraudulently in-
duced plaintiff to execute a written resig-

nation from his employment as a car loading claims clerk. Defendant moved the court nisi to dismiss the petition on the ground that the National Railroad Adjustment Board per 45 USCS § 151 et seq., had exclusive jurisdiction to adjudicate plaintiff's averred grievances. The court obliged defendant and plaintiff appealed.

Because of plaintiff's evident infractions of Rule 84.04(d), V.A.M.R., which will be noted anon, we do not reach the merits vel non of the appeal. However, were the appeal to be otherwise considered, we believe that *Andrews v. Louisville & Nashville R. Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972), would fully justify the trial court's dismissal of the petition.

The two points relied on by plaintiff read:

"I.

The jurisdiction of the National Railroad Adjustment Board is limited to matters, grievances and disputes between carriers and their employees.

The Railway Labor Act, Chapter 8 Title 45, United States Code, Sections 151–188

II.

When plaintiff executed his resignation from defendant's employment, his employment contract terminated and his status as an employee ceased to exist, notwithstanding the fact that such resignation was brought about by defendant's wrongdoing. Thereafter, the National Railroad Adjustment Board had no jurisdiction over his case. He had no standing to pursue any administrative remedies, either personally or by a designated representative, and his only remaining remedy is the one which he seeks in this action at law.

35 Am.Jur., Sec. 26, pages 462, 463 53 Am.Jur.2d, Sec. 35 [sic], page 111".

■ Even assuming the correctness of the assertion made in plaintiff's first point relied on, it is obvious that, in total disregard of the mandates of Rule 84.04(d), V.A.M.R., the point amounts to nothing more than an abstract statement of law which does not undertake to relate itself to the trial court's action nor attempt to specify wherein and why the trial court erred in sustaining defendant's motion to dismiss the petition. *Payne v. St. Louis Grain Corp.*, 562 S.W.2d 102, 104[1] (Mo.App.1977); *Estate of DeGraff*, 560 S.W.2d 342, 345[4] (Mo.App.1977); *State ex rel. Churchill Truck Lines, Inc. v. Public Service Commission*, 555 S.W.2d 328, 330[1] (Mo.App.1977); *Cavaness v. Armstrong*, 525 S.W.2d 446, 447[1] (Mo.App.1975).

■■ As to plaintiff's second point relied on, and contrary to the requirements of Rule 84.04(d), V.A.M.R., which must be strictly applied [*Glastris v. Union Elec. Co.*, 542 S.W.2d 65, 69[5] (Mo.App.1976); *Associates Discount Corp. of Iowa v. Fitzwater*, 518 S.W.2d 474, 477[2] (Mo.App.1974)], wherein and why the alleged wrongfully induced resignation terminated plaintiff's employment, abrogated the jurisdiction of the National Railroad Adjustment Board, deprived plaintiff of administrative remedies and relegated him to an action at law in the state court is left for us to ponder, guess and conjecture. The point preserves nothing for appellate review. *Hall v. Hall*, 506 S.W.2d 42, 44[1] (Mo.App.1974). Moreover, the citations appended to this point pertain to "Termination [of employment contracts] by *voluntary* act of party." (Emphasis supplied). These citations do not comport with an unlawful or involuntarily induced termination of employment. Neither do they purport to apply to or support the other abstractions penned in the point. When a point in an appellant's brief is solely buttressed by authorities not germane, it is tantamount to a point presented naked of citations and preserves nothing for appellate cognizance. *Cady v. Kansas City Southern Railway Co.*, 512 S.W.2d 882, 886[8] (Mo.App.1974). We say this with full awareness of the pronouncements made in

*Thummel v. King*, 570 S.W.2d 679, 687[12, 13] (Mo. banc 1978). It is patent in this instance that the point's segments could either have been presented with appropriate and available citations of authority or counsel could have advised why such citations were unavailable. Taken in fragments, the abstract pronouncements in this point, if true and conscientiously advanced, are ones for which precedent was surely available had effort been expended to comply with Rule 84.04(d), V.A.M.R. Rather, we are simply gifted with a menagerie of generalities bottomed upon seemingly fallacious hopes that this appellate court will unjustifiably discharge the briefing chores cast upon counsel.

It is to be additionally noted that plaintiff's averred cause of action was predicated in part upon a written contract between defendant and plaintiff's brotherhood. Albeit plaintiff alleged that the "Agreement and all the terms and conditions thereof are incorporated herein by reference and made a part of this petition as if set forth verbatim," no attempt was made to plead the contract according to its legal effect, recite it in the pleading or attach a copy thereof to the pleading as an exhibit. Rule 55.22, V.A.M.R. Consequently, the provisions of the agreement, whatever they are, were not for consideration by the trial court nor this court in deciding whether the petition stated a cause of action. *Berdych v. Bell Aerospace Corp.*, 19 A.D.2d 582, 240 N.Y.S.2d 448–449[1] (1963). Appeal dismissed.

All concur, except FLANIGAN, C. J., recused.

GREENE, J., not participating because not a member of the court when cause was submitted.