**STATE ex rel. STATE HIGHWAY COMMISSION of Missouri, Respondent,**

v.

**Robert H. LIVINGSTON et al., Appellants.**

**No. 41144.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 5, 1980.

---

Gregory F. Hoffman, St. Louis, for appellants.

John W. Koenig, Jr., Kirkwood, for respondent.

REINHARD, Judge.

Defendants, Robert H. Livingston and Dorothy Livingston, appeal from the trial court's order overruling their motion to vacate and set aside the trial court's judgment in this highway condemnation case.

On June 3, 1975, the State Highway Commission petitioned to condemn certain lands for the widening of Route A–340 (Olive Street Road) in St. Louis County. Among those named as party defendants with regard to the property involved in this suit, Parcel No. 103, were Signature Development Company[1] and the appellants Robert H. and Dorothy Livingston. The commission requested the appointment of three commissioners to ascertain and assess damages. On July 26, 1975, defendant Signature and the appellants jointly answered the petition admitting that they claimed an interest in the land. Commissioners were appointed and on November 17, 1975, the commissioners made an award of $39,370.00. This amount was deposited in the registry of the court on December 11, 1975. Two exceptions were filed to the award: one by the commission and the other by Signature and the appellants, jointly. The joint answer and the joint exceptions were filed by the same law firm purporting to represent all defendants. Thereafter, Signature moved that the court make an order authorizing and directing the clerk of the circuit court to pay to Signature and its attorneys the amount of the commissioners' award which had been previously deposited. The motion explained that the appellants Robert H. and Dorothy Livingston, while named in the Condemnation Petition, held no interest in the subject property. The motion

---

1. Hereinafter, Signature Development Company will be referred to as "Signature."

claimed that the appellants had signed disclaimers of interest in the award. In addition to claims that appellants had no interest in the award, movant claimed that Shell Oil Company had no interest. The court entered an order determining that Shell Oil had no interest. It made no determination as to whether appellants had an interest, but ordered $38,717.73 paid out of the registry to Signature, Robert H. and Dorothy Livingston, and their attorneys, Robert L. Hyder and Samuel C. Ebling, jointly.[2]

The transcript on appeal reflects that the jury found "the issues in favor of Defendant, and assess its total damages in the amount of $13,000." On October 21, 1977, the court entered a judgment which decreed that defendants Signature Development Company, Robert H. Livingston and Dorothy Livingston recover from the plaintiff $13,000.00 for damaging their property. The judgment further found that the commissioners' award of $39,370.00 had previously been paid into court by the commission for defendants Signature Development Company, Robert H. and Dorothy Livingston and therefore ordered the commission recover from defendant Signature and the Livingstons the excess of said commissioners' award over and above the amount of the judgment, that being the sum of $26,370.00 together with interest from February 19, 1976, the date on which the defendant Signature and Livingstons withdrew the commissioners' award.

On September 19, 1978, the appellants filed a motion to vacate and set aside judgment. Also filed with the motion was an affidavit executed by appellant Robert H. Livingston. In their motion appellants claim no interest in the land; that they were on vacation when the disclaimers were mailed to them by Signature; that they executed the disclaimers on their return, but that they did not receive said disclaimers before the hearing on Signature's motion to distribute the award; and that Signature was under order of the Bankruptcy

Court to withdraw the money from the registry of the court and pay the same to the trustee. They further claim that they endorsed the distribution check and that the entire amount was paid to the trustee in bankruptcy.

Parties stipulated that the following documents be admitted into evidence in support of defendant's motion to set aside: 1.) Certificate of Title of the State Highway Commission as to the land in question; 2.) Option Agreement with Shell Oil Company; and 3.) Motion of Highway Commission to set aside the discharge in bankruptcy filed in Cause No. 75V–281–C.

The state's certificate of title shows fee simple title well vested in Signature Development Company. It further shows that Signature obtained title by warranty deed from Eileen Weinstein. The only reference on any of the Highway Department's certificates to any interest of record of the Livingstons is the following notation: "Conveyances affecting hereinbefore described land within the past five years: . . . Option to purchase Agreement on the North part of aforesaid property executed by Robert H. Livingston and Dorothy L. Livingston, his wife, to Shell Oil Company, dated October 5, 1968 and recorded in Book 6515 Page 355." (This option expired January 30, 1969.) The motion to set aside discharge in bankruptcy executed by State Highway Commission alleged: "Said commissioners' award of $39,370 has been withdrawn by defendant Signature Development Company and turned over to the trustee in bankruptcy herein as part of the bankrupt."

The court overruled appellants' motion to vacate and set aside. It is from this order that the appellants now appeal.

The appellants raise two points of error, one of which is determinative. Appellants contend that the trial court erred in overruling their motion to vacate and set aside the court's judgment as to them for irregularity because the court failed to follow

2. The court also ordered the sum of $652.27 to be paid to the Collector of Revenue for St. Louis County, Missouri.

prescribed rules of procedure. Appellants maintain that before trial court can enter an in personam judgment against a party in a condemnation case for the difference between the commissioners' award and the jury verdict, the court must find that the party actually received a portion of the proceeds of the commissioners' award and then determine the percentage received.

■ Rule 74.32 establishes a remedy whereby a judgment may be set aside for an irregularity on the face of the record if a motion is made within three years after the rendering of the judgment. Here, appellants moved to set aside the October 21, 1977 judgment on September 19, 1978, less than one year after the rendering of the judgment and clearly within the prescribed time limit. Under Rule 74.32 an "irregularity" sufficient to warrant setting aside a judgment exists if there is "a want of adherence to some prescribed rule or mode of procedure, consisting either in omitting to do something that is necessary for the due and orderly conduct of the suit, or in doing it in an unreasonable time or an improper manner." *McDaniel v. Lovelace*, 439 S.W.2d 906, 910 (Mo.1969) *quoting from Wooten v. Friedburg*, 355 Mo. 756, 198 S.W.2d 1, 7 (1946).

■ Applying the above Rule 74.32 standards to this case we find the trial court erred when it entered judgment for the deficiency against the defendants without making a determination as to their several liability. This failure is obvious from the face of the record and constitutes an "irregularity" necessitating setting aside that portion of the judgment ordering defendants to pay to the State Highway Commission $26,370.00 plus interest from February 19, 1976.

In making this determination we are aware that the experienced and able trial judge did not have the benefit of two recent cases, *State v. Morganstein*, 588 S.W.2d 472 (Mo. banc 1979) and *State ex rel. State Highway Commission v. Gould*, 592 S.W.2d 172 (Mo.App.1979), which were handed down after he lost jurisdiction of the case. The facts in *Morganstein* are similar to those here in many respects. In *Morganstein*, as here, the petition did not allege the extent of defendants' interest in the land at the time of the filing. In *Morganstein*, commissioners assessed damages in the amount of $387,000.00. Exceptions were filed. The money was paid into the registry of the court and the court ordered the clerk to issue a check in the amount of $387,000.00 payable to several defendants. In *Morganstein*, as here, nothing further in the record showed what happened to the check's proceeds as to the extent of each payee's interest therein. In *Morganstein*, as here, defendants did not file a motion for distribution under Section 523.053. The defendants in *Morganstein* as well as defendants here, relied upon *State ex rel. Highway Commission v. Eilers*, 445 S.W.2d 374 (Mo.1969) and *State ex rel Highway Commission v. Thelnor, Inc.*, 485 S.W.2d 443 (Mo.App.1972) appeal after remand, 543 S.W.2d 229 (Mo.App.1976).

The *Morganstein* court determined that neither *Eilers* nor *Thelnor* could provide authority for the ruling that the judgment of the trial court was void.[3] However, the court reversed and remanded in order that the trial court determine the individual liability of the separate defendants for the excess award. 588 S.W.2d at 476. The court determined that "the obligation to repay the Commission all amounts obtained above the jury award springs from [the] basic principles of equity and fairness which dictate that defendants simply have no right to more than the jury found was due for the property taken." *Id.* at 476–477. The court stated: "[E]quity in such cases holds a defendant liable to repay only that which he may have received of the proceeds, whether directly or beneficially." *Id.* Application of these principles required the court to vacate the judgment with directions that it enter an order allowing

---

**3.** In order to obtain relief under a Rule 74.32 motion, the irregularity need not be one which would render the judgment absolutely void and therefore subject to be defeated on collateral attack. *McDaniel v. Lovelace*, 439 S.W.2d 906, 910 (Mo.1969).

appellant to move within such reasonable time as the trial court may direct for a determination of the liability of each of the joint parties or their estates for repayment of the excess of the commissioners' award. *Id.*

On October 1, 1979, our Western brethren handed down the opinion in *State ex rel State Highway Commission v. Gould*, 592 S.W.2d 172 (Mo.App.1979). There, the court analyzed the *Morganstein* case by stating: "Thus, *Myers* [*Morganstein*] holds that where there is no proceeding under § 523.053 RSMo 1978, there *must* be a determination of the several liability of the parties . . . ." *Id.* at 178. (emphasis added).

 In light of *Morganstein, Gould*[4] and the above enunciated equitable principles, before a judge makes a determination as to the personal liability of a defendant to repay he must determine what amount of the proceeds each individual defendant received either directly or beneficially. No defendant should be liable to the commission in restitution for more than the amount received. On remand, prior to its determination of liability, the court should hold a hearing permitting the parties to introduce evidence.[5] Since the award has been paid to joint parties, it is the burden of each to prove the lesser amount, if any, for which it may be liable. *State ex rel State Highway Commission v. Morganstein*, 588 S.W.2d 472, 477 (Mo. banc 1979).

The cause is reversed and remanded for the sole purpose of permitting a determination of liability, if any, of each of the joint defendants for the repayment to the Highway Commission of the excess of the commissioners' award.

DOWD, P. J., and CRIST, J., concur.

4. We are cognizant that in *Morganstein* and *Gould* the court was confronted with direct appeals. We find no difficulty in applying these cases to the procedural posture presented here.

5. It might be argued that the hearing on Signature's Motion to distribute the proceeds to it

alone was sufficient for the court to make a determination without a further hearing, but in view of the factors involved here and the principles set forth in *Morganstein* and *Gould*, cases which were not available to the court at the hearing, we believe that an entirely new hearing should be held.